**UNITED STATES of America**

v.

**John T. MYLES.**

**Crim. No. 1930–72.**
**Civ. A. No. 76–2345.**

United States District Court,
District of Columbia.

March 24, 1977.

---

John A. Shorter of Mitchell, Shorter & Gartrell, Washington, D. C., for petitioner.

Earl J. Silbert, U. S. Atty., and Oscar Altshuler and Ann P. Gailis, Asst. U. S. Attys., Washington, D. C., for the government.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

On June 27, 1975, after conviction by a jury for four violations of D.C. and federal gambling laws, this Court sentenced John T. Myles to a total term of 16 months to 4 years, and fined him $5,000. Under 28 U.S.C. § 2255 (1970), he has put forward three grounds for relief, none of which has been raised before. On the first two, he requests only a reduction of his sentence. On the last ground, he requests a new trial.

### I.

The first two grounds for relief arise from Myles's withdrawal of his guilty plea.

The petitioner was originally indicted in October of 1972 on the four counts for which he was eventually convicted. Those charges were:

(1) Operating an illegal gambling business, in violation of 18 U.S.C. § 1955 (1970), for which the maximum penalty was five years imprisonment and a $20,000 fine;

(2) Operating a lottery, in violation of D.C.Code § 22–1501 (1973), for which the maximum penalty was three years imprisonment and a $1,000 fine;

(3) Possessing lottery tickets, in violation of D.C.Code § 22–1502 (1973), for which the maximum penalty was one year imprisonment and a $1,000 fine;

(4) Maintaining gambling premises, in violation of D.C.Code § 22–1505 (1973), for which, in Myles's case, the maximum penalty was one year imprisonment and a $1,000 fine.

In March of 1973, after entering into an agreement with the government, Myles pleaded guilty to the second count of the indictment. But the government thereafter submitted a memorandum to the sentencing judge, at that time Judge Pratt, in which it urged the Court to impose both a prison term and a fine. Claiming that this action violated the plea agreement, the defendant at the time of sentencing asked that his plea be withdrawn. Judge Pratt refused and sentenced Myles to a prison term of 8 to 24 months and fined him $1,000. At the government's request, Judge Pratt then dismissed the other three counts.

Myles appealed the Judge's refusal to allow him to withdraw his guilty plea. The government did not directly oppose the appeal, but instead asked that the case be remanded to find out exactly what the terms of the plea bargain were. This the Court of Appeals did.

After holding a hearing, Judge Pratt concluded that, though there was no express agreement, the defendant had believed that the government would not make any recommendation on punishment. He then vacated the sentence imposed, allowed Myles to withdraw his guilty plea, and recused himself. The case was reassigned to this Court.

In May of 1975, the government brought Myles to trial on all four counts of the original indictment. After a jury found him guilty of all charges, this Court gave him the following sentence:

(1) Count one: 16 months to 4 years, plus a $5,000 fine;

(2) Count two: one to three years;

(3) Counts three and four: one year on each count.

All prison terms were set to run concurrently.[1]

In the end, then, the defendant was found guilty of the three charges in the indictment that had been dismissed as well as of the one charge for which his guilty plea had been withdrawn; his minimum prison term was increased from 8 months to 16 months, his maximum term from two years to four, and his fine from $1,000 to $5,000.

Myles now argues:

(1) That under the double jeopardy clause, he was immune from prosecution on the dismissed charges;

(2) That under the due process clause of the fifth amendment, the government could not revive the dismissed charges and the Court could not increase the penalty beyond that given for the one charge to which he had pleaded guilty.

### A.

■■ The purpose of the double jeopardy clause is to protect a person from multiple punishments and repeated prosecutions for the same offense. *United States v. Dinitz,* 424 U.S. 600, 606, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). This means, in part, that a criminal defendant may not be deprived of a finding of innocence on a particular charge. *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). Myles argues that the dismissal of three counts of the indictment was, in effect, a finding of innocence on these charges, and that, therefore, his subsequent prosecution on these counts violated his immunity under the double jeopardy clause.

■■■ The simple answer to this is that dismissal of the charges in no way indicated that the defendant was innocent. Generally, if a judge dismisses any charges against a defendant on motion of the government at the time of sentencing, he is merely deferring to the executive's undeniable discretion to decide not to pursue a particular prosecution any further. See *United States v. Ammidown,* 162 U.S.App.D.C. 28, 497 F.2d 615, 621 (1975). There is no indication here that Judge Pratt was doing otherwise. Nor were the dismissed charges in any way inconsistent with the one to which the defendant pleaded guilty; therefore, Myles cannot claim that Judge Pratt's finding of a factual basis for the plea was implicitly a finding of innocence on the other counts. Nor, finally, were the charges dismissed in a way that suggests that the government admitted Myles was innocent of them. Accordingly, this aspect of Myles's argument must be rejected.

■■ But the prohibition against multiple punishments and repeated prosecutions also means that once a person has pleaded guilty to a charge, he may not subsequently be prosecuted on other charges that allege the "same offense." *United States v. Ewell,* 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). Myles claims that the dismissed counts charged the same offense as the one pleaded to,[2] and that, therefore, the double jeopardy clause prevented a subsequent prosecution on them. Of course, as the petitioner concedes, the prosecution permissibly brought him to trial on the charge he previously had pleaded guilty to. *United States v. Tateo,* 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964). And it is also clear, in this Court's view, that the prosecution permissibly brought him to trial on counts three and four, which carried a lesser possible penalty than the charge he previously had pleaded guilty to. *United States v. Ewell, supra.* Myles's only substantial argument, then, is that the double jeopardy clause protected him, even after his guilty plea was withdrawn, against a subsequent prosecution on count one, which carried a

---

1. The defendant's subsequent appeal failed, as did his motion for a reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure.

2. Pleading guilty to a D.C.Code offense immunizes a person from subsequent prosecution for the same offense under a federal statute. *United States v. Shepard,* 169 U.S.App.D.C. 353, 515 F.2d 1324, 1331 (1975).

greater possible penalty. But, even assuming this count alleged the same offense as the others, allowing it to be brought did not expose Myles to the danger of multiple punishments, for the prior punishment had been vacated. Nor did it expose him to the danger of a repeated prosecution. That protection is specifically directed at sparing a person the burden of a subsequent trial. *United States v. Ewell, supra,* at 124–25. Compare *Breed v. Jones,* 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). Since Myles was permissibly brought to trial on the other counts, allowing the prosecution to join this count with them did not in any way subject him to the burden of an additional trial. Accordingly, this aspect of Myles's argument must also be rejected.[3]

### B.

Myles also argues that prosecuting him for the dismissed charges and increasing the total punishment he received were presumptively vindictive and for that reason violated his due process right of appeal. In *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1965), the Supreme Court held that neither a prosecutor nor a judge may act vindictively against a person for having successfully appealed a prior conviction. In order to insure that a person considering appeal will not be unduly concerned about a possible increase in his punishment, the Supreme Court also held in those cases that, in certain situations, where there exists a realistic likelihood of vindictiveness, prosecutors may not increase the charges originally pursued, and judges may not increase the penalty originally imposed, except upon information which comes to light after the original conviction or sentencing.

■ But insofar as the prosecution's revival of the dismissed charges in this case is concerned, the rule in *Blackledge* does not come into play at all, since the prosecution was merely returning the defendant to the position he claimed he would have liked to have been in originally. This was not the kind of situation where vindictiveness was a likely motive.

Insofar as the Court's ultimate punishment in this case is concerned, it can be assumed that vindictiveness was a danger. But a wealth of evidence about Myles's participation in the gambling enterprise came to light at trial, evidence which he no doubt had hoped would remain undisclosed when he pleaded guilty to the second count. In this Court's view, *Pearce* permits a court to consider this additional information in determining what penalty to impose, and that is precisely what this Court did.

Accordingly, Myles's petition to vacate his sentence on this ground must also be rejected.

### II.

■ The petitioner's final argument arises from the instruction that this Court gave to the jury on the term "beyond a reasonable doubt." In attempting to illustrate the meaning of that phrase, the Court gave an example from everyday life that was basically the same as one which the Court of Appeals disapproved of in *United States v. Pinkney,* 551 F.2d 1241 (D.C.Cir. 1976). To that extent, of course, the Court was in error. But a new trial need be granted only if the error was prejudicial. In this case, the government's evidence consisted of the following:

(1) Testimony of various FBI agents concerning the circumstances of arrest, including the fact that at the same time as the arrest, and in the same place, they seized number slips, lottery records and books, lottery paraphernalia, and money;

(2) Testimony of a government expert that some of the items seized had Myles's fingerprints on them;

---

**3.** The U. S. Court of Appeals for the Sixth Circuit disagrees with this result. *Rivers v. Lucas,* 477 F.2d 199, *vacated on other grounds,* 414 U.S. 896, 94 S.Ct. 232, 38 L.Ed.2d 139 (1973); *Mulreed v. Kropp,* 425 F.2d 1095 (1970). But the more persuasive authority is in accordance with this Court's view. *United States v. Williams,* 534 F.2d 119 (8th Cir. 1976); *United States v. Anderson,* 514 F.2d 583 (7th Cir. 1975).

(3) Testimony of two persons who were arrested and indicted along with Myles and who had previously pleaded guilty to a gambling violation; they provided extensive details in the workings of the particular operation and of Myles's part in it.

The defendant was able to cast not the least shadow of doubt on the reliability of this evidence. Nor did he present an independent defense. Accordingly, the Court finds beyond a reasonable doubt that the jury's decision was not swayed by the example the Court gave to illustrate the meaning of the phrase "beyond a reasonable doubt."

### III.

For the foregoing reasons, John T. Myles's motion under 28 U.S.C. § 2255 to vacate his conviction in Criminal No. 1930–72 is denied.