606 P.2d 15
**Raul Lopez LOMBRANO, Petitioner,**

v.

**SUPERIOR COURT IN AND FOR the COUNTY OF YUMA, The Honorable B. L. Helm, Judge, Division II, and Yuma County Attorney, Respondents.**

No. 14633.

Supreme Court of Arizona,
En Banc.

Jan. 24, 1980.

Roberson & Shelley, by Jerrold F. Shelley, Yuma, for petitioner.

Michael Irwin, Yuma County Atty., by Frank Dawley, Deputy County Atty., Yuma, for respondents.

HAYS, Justice.

The petitioner, Raul Lopez Lombrano, brought a special action in this court against the respondent superior court judge in Yuma County. He asserts that the judge acted contrary to law in setting aside a guilty plea which had been accepted by the court. We accepted jurisdiction.

The pertinent facts are as follows. The petitioner was arrested for driving while under the influence of alcohol. It was subsequently determined that the car he was driving was stolen, and he was charged with possession of a stolen vehicle, a class-3 felony.

Petitioner and the county attorney entered into a plea agreement which required that the value of the car be set at $100 or less so that the charge could be handled as a class-6 felony. After following the procedures set forth in Rule 17, Rules of Criminal

Procedure, 17 A.R.S., the court accepted the guilty plea.

The probation officer preparing a presentence report learned that the petitioner had prior felony convictions, and he so informed the court. The court thereafter, *sua sponte*, entered an order vacating the order accepting the plea of guilty and setting the case for trial. Petitioner objected to the court's action.

Rule 17.4(d), Rules of Criminal Procedure, 17 A.R.S. provides:

> "After making such determinations, the court shall either accept or reject the tendered negotiated plea. The court shall not be bound by any provision in the plea agreement regarding the sentence or the term and conditions of probation to be imposed, if, after accepting the agreement and reviewing a presentence report, it rejects the provision as inappropriate."

Rule 17.4(e) states that the court, if it rejects the agreement or any provision thereof shall give the defendant an opportunity to withdraw his plea. The foregoing, however, does not answer our problem here. The defendant does not want to withdraw his plea to the class-6 felony. The court's concern obviously was with the minimal sentence that he could impose under a class-6 felony even if he gave the maximum the law allows and the further fact that the prior convictions could not be used to enhance the penalty.

 The petitioner has cited three cases which support his assertion that the acceptance of a plea of guilty puts the accused in jeopardy, *Riadon v. United States*, 274 F.2d 304 (6th Cir. 1960); *United States v. Jerry*, 487 F.2d 600 (3rd Cir. 1973); and *Stowers v. State*, 266 Ind. 403, 363 N.E.2d 978 (1977). We concur in this position.

If a defendant, after acceptance of a guilty plea by the court, moves to withdraw his guilty plea, he of course waives the jeopardy defense if his motion to withdraw is granted.

Petitioner's position is further supported by Rule 26.1(c) which reads:

> "The term determination of guilt means a verdict of guilty by a jury, a

finding of guilt by a court following a non-jury trial, or the acceptance by the court of a plea of guilty or no contest."

If a judge cannot set aside *sua sponte* his acceptance of a guilty plea, how can he avoid the problems inherent in a hasty presentation of a plea when full background on the defendant is lacking? He can, after he has taken all of the steps required by Rule 17, defer the acceptance of the plea until he has the necessary facts or up to the time of the entry of the judgment of conviction. We note that the last sentence of Rule 17.3 provides:

> "The trial court may at that time determine that there is a factual basis for the plea or the determination may be deferred to the time for judgment of guilt as provided by Rule 26.2(c)."

Acceptance of a guilty plea can, if necessary, be deferred up until this point in the proceedings.

Ordered that the trial setting be vacated, that the plea of guilty heretofore entered by the petitioner be reinstated, and that the trial court set the matter for sentencing. Further ordered that the stay heretofore entered is quashed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.