635 P.2d 497

Charles Delmar WILLIAMS, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, and the Honorable Sarah D. Grant, Respondent,

and

The State of Arizona, and Thomas E. Collins, Maricopa County Attorney, Real Party in Interest.

No. 15552.

Supreme Court of Arizona,
In Banc.

Oct. 14, 1981.

Ross P. Lee, Public Defender, Maricopa County by Edward F. McGee, Phoenix, for petitioner.

Thomas E. Collins, County Atty., Maricopa County by Richard W. Baldwin, Phoenix, for real party in interest.

HOLOHAN, Vice Chief Justice.

Petitioner Charles Williams was charged with first degree rape, sodomy and lewd and lascivious acts.[1] Prior to his preliminary hearing in justice court, the petitioner entered into a plea agreement with the prosecution. He waived the preliminary hearing, an information was filed, and petitioner appeared before the superior court for arraignment on February 23, 1978.

Under the plea agreement with the State, petitioner agreed to plead guilty to lewd and lascivious acts in exchange for dismissal of the rape and sodomy charges. He agreed to 5 years probation conditioned upon his participation in an inpatient alcoholic treatment program. The plea agreement provided that petitioner was not to be sentenced to any confinement in jail or prison.

The plea agreement was accepted by a superior court judge, and the case was scheduled for sentencing before another superior court judge. Petitioner was released on his own recognizance.

Petitioner failed to appear on the date set for sentencing. A bench warrant was issued for the arrest of petitioner. It was not until May 11, 1981 that petitioner was found in California, and he was returned to Maricopa County, Arizona for sentencing.

---

1. Petitioner was charged with these offenses prior to the October 1, 1978 effective date of Arizona's revised criminal code.

Petitioner appeared before the respondent judge for sentencing. The judge advised petitioner that the court was rejecting the plea agreement, and the case was to be set for trial on the charges in the information.

Petitioner sought relief in this court by a petition for special action. We accepted jurisdiction of the special action.

Counsel for petitioner contends that the acceptance of the plea agreement by the trial court placed the petitioner in jeopardy and the plea agreement may not be vacated without his consent. We agree. Our case of *Lombrano v. Superior Court,* 124 Ariz. 525, 606 P.2d 15 (1980), pointed out that the acceptance of a plea agreement with a finding of guilty constituted jeopardy. The superior court is without power to reject the plea agreement after its acceptance. Rejecting the plea after acceptance and setting the case for trial constitutes double jeopardy.

Unless the petitioner consents, the superior court is bound by the plea agreement regarding the charges. This position does not apply to the sentence to be imposed. The superior court is not bound to impose the sentence agreed to by the petitioner and the State.

In *Smith v. Superior Court,* 130 Ariz. ——, 635 P.2d 498 (1981), we discussed the principles applicable to sentencing under a plea agreement. We held that Rule 17.4(d) of the Rules of Criminal Procedure provides that the superior court judge is not bound by the provisions of the plea agreement regarding sentencing even after accepting the plea agreement.

We also noted in *Smith, supra,* that Rule 17.4(e) provides that the defendant may withdraw his plea if the trial court intends to impose a less favorable sentence than that specified in the plea agreement.

In this action the superior court is bound by the plea agreement except as to the sentence. The ruling of the respondent judge setting aside the plea agreement is vacated. The matter is remanded to the superior court for further proceedings consistent with this opinion.

Relief granted.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.