635 P.2d 498

**Frank Arnold SMITH, Petitioner,**

v.

**The SUPERIOR COURT of Arizona, In and For the COUNTY OF COCHISE, and Richard J. Riley, a Judge thereof, Respondents,**

**and**

**The STATE of Arizona, Real Party in Interest.**

**No. 15426–PR.**

Supreme Court of Arizona, In Banc.

Oct. 14, 1981.

Ruben Teran S., Douglas, for petitioner.

Greenwood, Ryan, Herbolich & Atonna, Ltd., James B. Greenwood and Wallace R. Hoggatt, Douglas, for respondents.

HOLOHAN, Vice Chief Justice.

The petitioner filed a petition for special action in Division Two of the Court of Appeals seeking to require the respondent judge to impose the sentence contained in the plea agreement which had been accepted by the respondent judge. The Court of Appeals granted the relief sought in an order dated March 18, 1981. We treated the order as a per curiam memorandum opinion and granted the respondents' petition for review. The decision and order of the Court of Appeals is vacated.

The only question presented for determination is whether a trial judge, without the consent of the defendant, may, after a plea of guilty has been accepted, impose a sentence other than that contained in a plea agreement.

The facts giving rise to this controversy are as follows: The petitioner was charged by indictment with a violation of A.R.S. § 13–1602(A)(1) and (B)(3), criminal damage, a class 6 felony. He entered into a plea agreement with the county attorney whereby he agreed to plead guilty to the charge if he would receive a sentence of three years probation, provided that he serve an additional fifteen days in jail beyond the time already served, make restitution, and abide by restrictions on his use of alcohol. The plea agreement was on a standard plea agreement form and stated:

"6. That if after accepting this agreement the court concludes that any of its provisions regarding the sentence or the term and conditions of probation are inappropriate, it can reject the plea, giving the defendant an opportunity to withdraw the plea."

A hearing was held upon the plea agreement, and the court accepted the defendant's plea of guilty. The minute entry reads as follows:

"The Court FINDS that there exists a basis in fact for believing the Defendant guilty of criminal damage. The Court also FINDS that the Defendant and prosecutor have entered into a Plea Agreement and the Defendant understands and consents to its terms.

"The Court FINDS that the Plea Agreement is a voluntary act and not the result of force, threats or promises other than the promises contained in the Plea Agreement.

"The Defendant entered a plea of guilty to the charge contained in the Indictment.

"On the basis of these findings, the Court concludes that the Defendant knowingly, voluntarily, and intelligently, pleads guilty to the charge of criminal damage, and *accepts* his plea.

"IT IS ORDERED: Fixing Tuesday, February 10, 1981, at 1:30 P.M. for imposing sentence." (emphasis added)

Thereafter, the respondent judge received a presentence report which disclosed that the petitioner had numerous arrests and convictions for misdemeanors and one arrest on a felony charge. The report also contained the opinion of the probation officer that petitioner would not be a good probation risk. The probation officer recommended a more severe sentence.

When the petitioner appeared before the respondent judge for sentencing the judge informed petitioner that he was rejecting the plea agreement because the terms of probation agreed to by petitioner and the state were too lenient. The respondent judge advised petitioner that he could withdraw his plea and ask for a change of judge or he could be sentenced by respondent.

The petitioner was cautioned that if he allowed the respondent judge to impose sentence that sentence would be probation with 90 days in jail plus 200 hours of public service work.

The petitioner refused to withdraw his plea and contended that the respondent judge was required to comply with the terms of the plea agreement.

Sentencing was continued, and petitioner sought relief by special action.

Rule 17.4 of the Arizona Rules of Criminal Procedure, 17 A.R.S., allows plea negotiations. Paragraph (a) provides that the court shall not participate in such negotiations. Paragraph (b) provides that an agreement may be revoked by any party prior to its acceptance by the court. Paragraph (c) provides that the parties shall file the agreement with the court and that the court has an obligation to determine that the defendant understands the terms of the plea agreement and that it is accurate, and entered into voluntarily, and intelligently. Paragraphs (d) and (e) read as follows:

"d. Acceptance of Plea. After making such determinations, the court shall either accept or reject the tendered negotiated plea. *The court shall not be bound by any provision in the plea agreement regarding the sentence or the term and conditions of probation to be imposed*, if, after accepting the agreement and reviewing a presentence report, it rejects the provisions as inappropriate."

"e. Rejection of Plea. If an agreement or any provision thereof is rejected by the court, it shall give the defendant an opportunity to withdraw his plea, advising him that if he permits his plea to stand, the disposition of the case may be less favorable to him than that contemplated by the agreement." (emphasis added)

The petitioner contends that once the judge accepts a plea agreement he is bound by the terms of the agreement. In support of his position petitioner cites *Lombrano v. Superior Court*, 124 Ariz. 525, 606 P.2d 15 (1980); *State v. Superior Court*, 125 Ariz. 575, 611 P.2d 928 (1980).

Petitioner has misread *Lombrano*. The principle asserted in that case is that once the trial court accepts a plea of guilty the accused has been placed in jeopardy, and the trial court cannot, without the consent of the defendant, set aside the acceptance of the guilty plea.

In this case the trial judge is not attempting to set aside the plea of petitioner. The issue involves the sentence to be imposed. In dealing with sentencing we are not dealing with the Double Jeopardy Clause. *See North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). The principle discussed in *Lombrano* is not applicable to the determination of a proper sentence.

The trial judge was following the provisions of Rule 17.4 paragraphs (d) and (e). Under the clear mandate of paragraph (d) the trial judge is not bound by the provisions of the plea agreement regarding the sentence to be imposed. The trial judge may reject the proposed sentence even after accepting the plea agreement.

As required by Rule 17.4(e) the trial judge advised the petitioner that he was not accepting the sentence proposed in the plea agreement, and the judge offered the petitioner the opportunity to withdraw his plea because the sentence would be more severe than that proposed in the plea agreement.

There is the suggestion in *State v. Superior Court*, 125 Ariz. 575, 611 P.2d 928 (1980) that the trial judge is bound by the sentence proposed in the plea agreement, but this notion is directly contrary to the plain language of Rule 17.4(d) and (e). We reject the position of petitioner and the language in *State v. Superior Court, supra*. We hold that the provisions of Rule 17.4(d) allow the trial judge to reject the provisions of a plea agreement regarding sentencing even after the plea agreement has been accepted.

The relief sought by petitioner is denied.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.