767 P.2d 230

Oscar Valencia CAMPAS, Petitioner,

v.

SUPERIOR COURT OF the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Ronald Reinstein, a judge thereof, Respondent Judge,

and

the STATE of Arizona, Through Thomas E. COLLINS, Maricopa County Attorney, Real Party in Interest.

No. 1 CA–SA 88–209.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 10, 1989.

Dean W. Trebesch, Maricopa County Public Defender, by Christopher V. Johns, Deputy Public Defender, Phoenix, for petitioner.

Robert K. Corbin, Atty. Gen., by Diane M. Ramsey, Asst. Atty. Gen., and Thomas E. Collins, Maricopa County Atty., by Dorothy Macias, Deputy County Atty., Phoenix, for respondent and real party in interest.

## OPINION

GERBER, Judge.

On November 7, 1988, we issued our order accepting jurisdiction in this special action proceeding and granting the relief requested by petitioner. This opinion sets forth our reasons.

## FACTS

Petitioner Oscar Valencia Campas (defendant) was involved in a hit and run accident with a vehicle driven by Diana Lee Brazell. Ms. Brazell, her daughter Melissa, and two other occupants of her vehicle were injured. Melissa required extensive medical treatment. Defendant was indicted on four counts of endangerment and one count of leaving the scene of an injury accident. Defendant subsequently entered a change of plea before pro tem Judge Walter E. Jackson in which he agreed to plead guilty to one count of endangerment and to pay restitution in an amount not to exceed $10,000.00. In return for defendant's concessions, the state agreed to dismiss the remaining counts in the indictment.

The factual basis for the plea related to defendant's reckless endangerment of Diana Lee Brazell. The prosecution stated that, as a result of the accident, Ms. Brazell was hospitalized for six weeks in critical condition. The defendant acknowledged this factual basis. Judge Jackson found that there was a factual basis, accepted the plea, and postponed judgment and sentencing to permit the preparation of a presentence report.

At the sentencing hearing, respondent Judge Ronald S. Reinstein rejected defendant's plea, although he acknowledged that Judge Jackson had previously accepted it. Judge Reinstein explained that he did not believe he was bound by the fact that the plea had already been accepted because (1) there was an error in the factual basis relating to the first name of one of the victims, (2) no provision had been made for dismissal of the state's prior allegation of dangerousness, (3) restitution should have greatly exceeded the amount provided for in the plea agreement, and (4) the state's motions to dismiss the remaining counts had only been taken under advisement at the time the plea was accepted.

Defendant objected to Judge Reinstein's rejection of the plea. He argued that jeopardy attached when Judge Jackson accepted the plea, that the factual basis for each victim was identical, and that the error in the first name of one of the victims was only a technical defect. Defendant also indicated that he was willing to waive the limitation on the amount of restitution. Nevertheless, Judge Reinstein rejected the plea and set the matter for trial. This special action followed. Defendant has not withdrawn from the plea agreement.

## DISCUSSION

Acceptance of a plea of guilty places the accused in jeopardy. *State v. Superior Court*, 125 Ariz. 575, 611 P.2d 928 (1980). A court may not reject a plea after acceptance because to do so would violate the prohibition against double jeopardy. U.S. Const. Amend. V; Ariz. Const. art. 2, § 10. *See State v. De Nistor*, 143 Ariz. 407, 694 P.2d 237 (1985); *Lombrano v. Superior Court*, 124 Ariz. 525, 606 P.2d 15 (1980). It is true, of course, that after acceptance the accused may move to withdraw his plea, waiving any double jeopardy, but once a guilty plea has been accepted, the trial court itself cannot reject the

plea agreement except as to the sentence to be imposed. *Williams v. Superior Court,* 130 Ariz. 209, 635 P.2d 497 (1981). Pursuant to Rule 17.4, Arizona Rules of Criminal Procedure, the trial court may reject the agreed sentence even after the plea has been accepted. *See Smith v. Superior Court,* 130 Ariz. 210, 635 P.2d 498 (1981). If the court rejects the proposed sentence, the accused may either withdraw from the plea or agree to be sentenced within legal limits on the charge(s) pled, even to a sentence more onerous than the one provided for in the plea agreement. *Smith; Dominguez v. Meehan,* 140 Ariz. 329, 681 P.2d 912 (App.1983), *approved,* 140 Ariz. 328, 681 P.2d 911 (1984).

Defendant pled guilty to count one of the indictment, endangerment, a class 6 felony in violation of A.R.S. § 13–1201.[1] Count one apparently related to defendant's endangerment of Melissa Brazell, but the factual basis for the plea referred to Diana Lee Brazell. The prosecution also stated that Diana Lee Brazell had been hospitalized for six weeks in critical condition as a result of the accident, when in fact it was Melissa who had been hospitalized for this period. This error in the factual basis was a mere technical error. A.R.S. § 13–1201 does not require that the person who is endangered actually be physically injured to constitute endangerment. Thus, there was an adequate factual basis for defendant's plea of guilty to the charge of endangerment as to either victim, and the error in the first name of the victim did not entitle Judge Reinstein to reject defendant's plea.

The plea agreement designated the offense as a non-dangerous, non-repetitive offense. When Judge Jackson accepted defendant's plea, he specifically found defendant guilty of a non-dangerous, non-repetitive offense. The respondent judge is accordingly bound by defendant's plea to a non-dangerous offense, independently of any provision for dismissal of the prior allegation of dangerousness.

Similarly, the plea agreement provided that the state agreed to dismiss counts two through five. By accepting the plea of guilty to count one of the indictment, Judge Jackson effectively granted the state's motion to dismiss the remaining counts, despite his indication that the motions to dismiss would be taken under advisement. A court is bound by the terms of the plea agreement once it has been accepted except with regard to the proposed sentence. *Smith.* If Judge Jackson had wanted to defer ruling on the motions, he should have deferred acceptance of the plea until the sentencing hearing. *See* Rule 17.3; *Lombrano.* Thus, Judge Reinstein could not reject defendant's plea on the basis that Judge Jackson had only taken the state's motions to dismiss under advisement at the change of plea hearing.

We decline to rule on whether respondent judge was also bound by the $10,000.00 limitation on restitution, or whether restitution, like sentencing, can be rejected after acceptance of a guilty plea. By agreeing to waive any limitation on restitution, the defendant also waived any right to argue that the sentencing judge was without authority to impose restitution beyond the $10,000.00 limitation. *But see State v. Lukens,* 151 Ariz. 502, 729 P.2d 306 (1986). Once defendant waived the limitation, the respondent judge should have proceeded with sentencing under the terms of the plea agreement.

For the above reasons, we hold that the respondent judge improperly rejected defendant's plea of guilty. By prior order we have directed the trial court to proceed with sentencing pursuant to the original terms of the plea agreement.

HAIRE, P.J., and SHELLEY, J., concur.

---

1. A.R.S. § 13–1201 provides:

   (A) A person commits endangerment by recklessly endangering another person with a substantial risk of imminent death or physical injury.

   (B) Endangerment involving a substantial risk of imminent death is a class 6 felony. In all other cases, it is a class 1 misdemeanor.