802 P.2d 1053

**Robert Dudley LEWIS, Petitioner,**

v.

**The Honorable Nanette WARNER, a Judge for the Superior Court of the State of Arizona, County of Pima, Respondent,**

**and**

**The STATE of Arizona, Real Party in Interest.**

**No. 2 CA–SA 90–0117.**

Court of Appeals of Arizona, Division 2, Department B.

Sept. 4, 1990.

Petition for Review Denied Jan. 8, 1991.

Susan A. Kettlewell, Pima County Public Defender by Kevin Lerch, Tucson, for petitioner.

Stephen D. Neely, Pima Co. Atty. by Catherine M. Shovlin, Tucson, for real party in interest.

OPINION

HOWARD, Judge.

 This special action was taken from the trial court's order denying petitioner's motion to dismiss. The double jeopardy issue presented arises out of the application of the United States Supreme Court's recent decision in *Grady v. Corbin,* —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). Because this is a matter of state-wide concern and turns entirely upon legal principles rather than controverted issues of fact, we accept jurisdiction. *University of Arizona Health Sciences Center v. Superior Court,* 136 Ariz. 579, 667 P.2d 1294 (1983). For the reasons set forth below, however, we deny relief.

The essential facts are undisputed. On March 20, 1990, Department of Public Safety Officer Hernandez observed petitioner driving his vehicle and weaving from lane to lane. After pulling petitioner over to the side of the road, Officer Hernandez noticed that petitioner exhibited signs of intoxication. A subsequent intoxilyzer test indicated a blood alcohol content of .224 percent. The officer also learned that petitioner's license had been suspended on March 17, 1988.

Petitioner was arrested and charged with driving while under the influence of intoxicating liquor while his license was suspended, a class 5 felony, in violation of A.R.S. § 28-692.02. He was also issued citations for 1) driving on a suspended license (A.R.S. § 28-473, a class 1 misdemeanor), 2) making an unsafe lane change (A.R.S. § 28-729, a civil traffic offense), 3) use of fictitious plates (A.R.S. § 28-326(B)(1), a class 2 misdemeanor), and 4) noncurrent registration (A.R.S. § 28-326(C), a civil traffic offense). On March 30,[1] pursuant to a plea agreement, petitioner entered a guilty plea in justice court to driving on a suspended license in violation of A.R.S.

§ 28-1203, a class 2 misdemeanor. Pursuant to the prosecutor's recommendation in the agreement, petitioner was ordered to pay a $110 fine and the remaining charges, not including the felony, were dismissed. Also on March 30, the grand jury indicted petitioner on the charge of driving while under the influence of intoxicating liquor while his license was suspended. A.R.S. § 28-692.02.

On July 3, petitioner filed a motion to dismiss the felony charge on two grounds. First, petitioner argued that the felony should be dismissed because he had previously pled guilty to the misdemeanor charge of driving on a suspended license, relying on *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Second, petitioner argued that, under *Grady v. Corbin, supra,* the state was precluded from introducing evidence of the unsafe lane change in any prosecution of the lesser-included offense of driving while under the influence of intoxicating liquor because petitioner had already been "prosecuted" for that conduct in the justice court proceedings. The trial court granted the motion as to the first contention, finding that prosecution for the felony charge was barred by the guilty plea to the lesser-included offense. The court denied the motion, however, as to the *Grady* issue, apparently[2] concluding that jeopardy did not attach to the dismissed charge of unsafe lane change because it is denominated a civil rather than a criminal offense and because dismissal pursuant to a plea agreement did not constitute a formal prosecution within the meaning of the double jeopardy clause. This special action followed.

Although the parties have advanced a number of different grounds for resolving this matter, we find that only one question need be addressed: is a defendant placed in

---

1. Although the record is not entirely clear on this point, it appears that petitioner had his initial appearance on the felony charge on March 21 and that he has remained in custody on that charge from the date of his arrest through the date this petition was filed. The justice court orders of March 23 and March 30

both reflect petitioner's incarceration. However, this fact is not relevant to our decision.

2. The trial court's minute entry is not included in the record before us. However, the state does not disagree with petitioner's characterization of the trial court's ruling.

jeopardy on charges which are dismissed[3] pursuant to a plea agreement, such that evidence of the conduct encompassed by those charges may not be used in a subsequent prosecution to establish an essential element of another offense?[4]

The constitutional protection against double jeopardy is threefold:

It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–665 (1969) (footnotes omitted). As the Supreme Court noted in *Ohio v. Johnson,* 467 U.S. 493, 498–499, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425, 433 (1984):

[T]he bar to retrial following acquittal or conviction ensures that the State does not make repeated attempts to convict an individual, thereby exposing him to continued embarrassment, anxiety, and expense, while increasing the risk of an erroneous conviction or an impermissibly enhanced sentence.

■ The first inquiry, necessarily, is whether jeopardy has attached to the prior proceedings. In that regard, the Court has stated that "jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.'" *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265, 274 (1975).[5] In the present case, because the petitioner was neither convicted of the unsafe lane change charge nor subject to punishment therefor, the issue is whether the dismissal of the charge serves as an "acquittal" for pur-

poses of the double jeopardy clause. In *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 1354–1355, 51 L.Ed.2d 642, 651 (1977), the Court stated:

[W]e have emphasized that what constitutes an "acquittal" is not to be controlled by the form of the judge's action. [Citations omitted.] Rather, we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the *factual elements* of the offense charged.

(Emphasis supplied.)

Although the Supreme Court has not addressed the precise issue before us, it has analyzed the significance of charges dismissed in guilty plea proceedings in the context of the double jeopardy clause. In *Ohio v. Johnson, supra,* the defendant was the subject of an indictment charging murder, involuntary manslaughter, aggravated robbery and grand theft. At his arraignment, over the state's objection, the trial court accepted the defendant's guilty plea to the lesser-included offenses of involuntary manslaughter and grand theft and dismissed the remaining charges on double jeopardy grounds. The Supreme Court held that double jeopardy did not preclude the state from prosecuting the defendant on the greater charges in the indictment.

Respondent has not been exposed to conviction on the charges to which he pleaded not guilty, nor has the State had the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial. The acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending, more-

---

**3.** Since the justice court's order does not indicate otherwise, the dismissal must be presumed to be without prejudice. *See* Ariz.R.Crim.P. 16.-5(d), 17 A.R.S. Accordingly, we do not address the issue of the effect of a dismissal with prejudice. Moreover, since the parties have not raised the question before either the trial court or this court, we do not decide whether the use of evidence of the unsafe lane change in a subsequent prosecution violates the justice court plea agreement.

**4.** No contention is made that *Blockburger* applies to prevent prosecution of the misdemeanor DUI.

**5.** Of course the acceptance of a guilty plea and the finding of guilt pursuant to such plea is the functional equivalent of a trial. *See Smith v. Municipal Court of Western Judicial District, County of Contra Costa,* 139 Cal.Rptr. 121, 71 Cal.App.3d 151 (1977).

over, has none of the implications of an "implied acquittal" which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses. [Citations omitted.] There simply has been none of the governmental overreaching that double jeopardy is supposed to prevent. On the other hand, ending prosecution now would deny the State its right to one full and fair opportunity to convict those who have violated its laws.

*Ohio v. Johnson,* 467 U.S. at 501–502, 104 S.Ct. at 2542, 81 L.Ed.2d at 435.

Other courts which have addressed the issue have concluded that the dismissal of charges prior to trial, as part of a plea agreement or otherwise, does not operate as an acquittal so as to preclude later prosecution on the ground of double jeopardy. *Lowery v. Estelle,* 696 F.2d 333 (5th Cir. 1983); *United States v. Barker,* 681 F.2d 589 (9th Cir.1982); *United States v. Johnson,* 537 F.2d 1170 (4th Cir.1976); *United States v. Williams,* 534 F.2d 119 (8th Cir. 1976); *United States v. Myles,* 430 F.Supp. 98 (D.D.C.1977), *aff'd,* 569 F.2d 161 (D.C. Cir.1978); *State v. Boudreaux,* 402 So.2d 629 (La.1981); *Commonwealth v. Ward,* 493 Pa. 115, 425 A.2d 401 (1981), *cert. denied, Ward v. Pennsylvania,* 451 U.S. 974, 101 S.Ct. 2055, 68 L.Ed.2d 354 (1981).[6] The common thread of these decisions is the finding that the dismissal of the charges involved neither the presentation of any evidence nor any factual findings as to the merits of those charges. As the court stated in *State v. Boudreaux, supra:*

[T]he defendant at bar was not, in the proceedings in which his guilty plea [to simple robbery] was accepted, in direct peril of being convicted and punished for [armed robbery]. He was not forced to "run the gauntlet" on that charge. No

trier of fact refused to convict him on that charge and none was given the choice between finding him guilty on either that charge or on [simple robbery]. The prosecutor and the judge had the sole options of accepting or rejecting the plea on the lesser charge. By accepting it, no determination was made, explicit or implicit, on the merits of the charge not embraced in the plea. There was no implicit acquittal. A plea to a lesser charge necessarily deprives the court of an opportunity to consider the greater charge.

402 So.2d at 632. More succinctly, a dismissal of other charges following a guilty plea to one charge "in no way indicate[s] that the defendant was innocent." *United States v. Myles,* 430 F.Supp. at 101. Such a dismissal cannot therefore be considered an acquittal for purposes of double jeopardy.

■ In the present case, the unsafe lane change citation was dismissed pursuant to petitioner's plea agreement with the state. There is nothing in the record to suggest, nor do the parties contend, that in accepting petitioner's plea of guilty the justice court heard any evidence or made any factual determinations with respect to the merits of the unsafe lane change charge. Accordingly, the dismissal was not an acquittal of that charge and jeopardy did not attach to the justice court proceedings with respect to that charge.

■ In *Grady v. Corbin, supra,* the Supreme Court held that "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." —— U.S. at ——, 110 S.Ct. at 2093, 109 L.Ed.2d

---

**6.** The only decision we have found to the contrary is *Mason v. State,* 302 Md. 434, 488 A.2d 955 (1985). In that case, the defendant had pled guilty to one count of a four-count information in exchange for the state's agreement to enter a *nolle prosequi* on the remaining counts and three counts in a second information. The state then obtained a nine-count indictment covering the same period and at least one of the same

offenses as the original informations, and the defendant pled guilty to one charge identical to one previously dismissed pursuant to the plea agreement. The appellate court reversed this conviction, finding a double jeopardy violation. While the state's conduct no doubt constituted a breach of the plea agreement, and therefore due process, we cannot agree that the second prosecution violated double jeopardy.

at 564. This holding presupposes that the defendant has already been prosecuted, that is, acquitted, convicted or punished as a result of prior proceedings. In *Grady*, the state was prohibited from proving conduct for which the defendant had previously been convicted pursuant to a guilty plea. The state was not precluded, however, from prosecuting the defendant to the extent that it could rely on conduct for which the defendant had not already been prosecuted. *Grady v. Corbin, supra.*

In this case, because petitioner has not been prosecuted for the alleged unsafe lane change, *Grady* does not require that the state be precluded from offering evidence of the conduct involved in that charge to prove the elements of the misdemeanor charge of driving while intoxicated. Accordingly, the trial court did not err in denying petitioner's motion to dismiss on this ground.

Relief denied.

FERNANDEZ, C.J., concurs.

ROLL, Presiding Judge, dissenting.

I respectfully dissent.

The issue before us is whether, in a prosecution for DUI, the state may introduce evidence of driving violations which have previously been disposed of in a plea agreement. Based upon double jeopardy considerations and the recent decision of *Grady v. Corbin*, 495 U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), I believe the answer is no.

In *Grady*, the defendant was cited for DUI and failing to keep right of the median. He pled guilty to these charges. He was later indicted for reckless manslaughter, criminally negligent homicide, and third degree reckless assault. The state's response to the defendant's request for a bill of particulars showed that the basis for the manslaughter, homicide, and assault charges was the defendant's drunk driving, the fact that he was left of the median, and excessive speed. A majority of the Supreme Court held that the double jeopardy clause of the fifth amendment to the constitution barred prosecution of Corbin be-cause the same acts to which he had pled guilty constituted the basis for prosecution on the new charges. 495 U.S. at ——, 110 S.Ct. at 2095, 109 L.Ed.2d at 565–566.

On March 20, 1990, Lewis was cited for driving on a suspended license, unsafe lane change, and not having a current license plate. A complaint was also filed against Lewis for felony DUI, arising from allegedly committing the offense of DUI while his license was suspended. On March 30, 1990, Lewis entered a plea of guilty to driving on a suspended license and the additional charges of unsafe lane change and not having a current license plate were dismissed. That same day, Lewis was indicted for DUI on a suspended license. The state now seeks to introduce evidence of Lewis' unsafe lane change to prove DUI.

Clearly jeopardy attaches to criminal charges to which a defendant has pled guilty. *Grady, supra; Fransaw v. Lynaugh*, 810 F.2d 518, 523 (5th Cir.1987), *cert. denied*, 483 U.S. 1008, 107 S.Ct. 3237, 97 L.Ed.2d 742 (1987); *Williams v. Superior Court*, 130 Ariz. 209, 210, 635 P.2d 497, 498 (1981). The question presented here is whether jeopardy also attaches to those charges dismissed pursuant to a plea agreement. Although the majority maintains that prosecution of a defendant for charges dismissed pursuant to a plea agreement is not barred by double jeopardy considerations, the cases relied upon by the majority are inapposite to the matter presented before us. The cases relied upon by the majority all involved plea agreements which were either vacated or withdrawn. *Lowery v. Estelle*, 696 F.2d 333 (5th Cir.1983) (first conviction under plea agreement set aside); *United States v. Barker*, 681 F.2d 589 (9th Cir.1982) (plea agreement set aside); *United States v. Johnson*, 537 F.2d 1170 (4th Cir.1976) (plea vacated on appeal); *United States v. Williams*, 534 F.2d 119 (8th Cir.1976), *cert. denied*, 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976) (first conviction under plea agreement set aside); *United States v. Myles*, 430 F.Supp. 98 (D.D.C.1977), *aff'd*, 569 F.2d 161 (D.C.Cir.1978) (plea withdrawn); *State v. Boudreaux*, 402

So.2d 629 (La.1981) (plea vacated); *Commonwealth v. Ward,* 493 Pa. 115, 425 A.2d 401 (1981), *cert. denied,* 451 U.S. 974, 101 S.Ct. 2055, 68 L.Ed.2d 354 (1981) (plea challenged and reversed on appeal).

When a defendant moves to withdraw his guilty plea he waives the double jeopardy defense if his motion is accepted by the court. *Lombrano v. Superior Court,* 124 Ariz. 525, 526, 606 P.2d 15, 16 (1980). The defendant must enter a new plea agreement or proceed to trial. *See Santobello v. New York,* 404 U.S. 257, 263 n. 2, 92 S.Ct. 495, 499 n. 2, 30 L.Ed.2d 427, 433 n. 2 (1971). In essence, the prosecution and the defense return to their positions prior to entry of the vacated plea agreement.

This case does not involve a vacated or withdrawn plea agreement, but rather a valid agreement, accepted by the court. The state is now attempting to utilize a dismissed charge as proof of an essential element of the DUI charge. Whether this would have been permissible prior to *Grady* is irrelevant. I believe it is precluded by *Grady.*

In *Williams v. Superior Court, supra,* Williams pled guilty to lewd and lascivious acts in exchange for dismissal of rape and sodomy charges. He failed to appear in court for sentencing. When Williams was apprehended, although the plea agreement had previously been accepted by the trial court, the trial court set aside the plea agreement and ordered a trial on all charges. The supreme court held that the trial court's acceptance of the plea agreement precluded the court, over Williams' objection, from thereafter rejecting the plea agreement. The court stated that "acceptance of the plea agreement by the trial court placed the petitioner in jeopardy...." *Id.* 130 Ariz. at 210, 635 P.2d at 498. *See Mason v. State,* 302 Md. 434, 488 A.2d 955 (1985) (double jeopardy barred prosecution for charge which was the same crime dismissed pursuant to a plea agreement); *but see United States v. Vaughan,* 715 F.2d 1373 (9th Cir.1983) (dismissal of charges pursuant to a plea agreement no bar to subsequent prosecution of those charges

because no jeopardy attached; may be breach of plea agreement).

The state seeks to prove the charge of driving under the influence by introducing evidence that Lewis made an unsafe lane change. Because the plea agreement placed Lewis in jeopardy as to that conduct, the state cannot introduce evidence of the unsafe lane change in Lewis' prosecution for DUI.