923 P.2d 869

STATE of Arizona, ex rel. Thomas J. BERNING, City Attorney for the City of Tucson, Petitioner,

v.

The Honorable Michael ALFRED, a Judge for the Superior Court of the State of Arizona, County of Pima, Respondent,

and

Joseph Phininzy, Real Party in Interest.

No. 2 CA–SA 96–0119.

Court of Appeals of Arizona, Division 2, Department B.

Aug. 30, 1996.

Thomas J. Berning, City Attorney by R. William Call and Linda Scharbach, Tucson, for Petitioner.

O'Connor Cavanagh Molloy Jones by Nathan B. Hannah, Tucson, for Real Party in Interest.

## OPINION

DRUKE, Chief Judge.

In this special action, we are asked to decide whether the speedy trial time limits of Ariz. R.Crim. P. 8.2, 17 A.R.S., are suspended under Ariz. R.Crim. P. 31.16 when the state appeals from an order granting the defendant a new trial. We conclude that they are.

Following a bench trial, real party in interest Joseph Phininzy (the defendant) was convicted of theft in Tucson City Court. On January 2, 1996, the city court granted the defendant's motion for a new trial, and the state appealed to superior court. While the appeal was pending, a city court magistrate vacated review hearings and noted that, because the superior court had not issued a stay, the time limit under Ariz. R.Crim. P. 8.2(d) was running. On March 8 the superior court affirmed the city court's order granting a new trial. On March 22 the defendant moved to dismiss the case on the ground that the 60–day time limit of Rule 8.2(d) had expired. In opposing the motion, the state argued that Ariz. R.Crim. P. 31.16 automatically stayed the new trial and suspended Rule 8.2(d) while the state's appeal was pending. The city court denied the motion to dismiss and set the case for trial. The defendant sought special action review of that order by the superior court and filed a motion for summary judgment. The respondent trial judge granted the defendant's motion, finding that Rule 31.16 did not suspend

the speedy trial time limits and remanded the case to city court, presumably for an order of dismissal. The respondent judge later denied the state's motion for reconsideration, and this special action followed.

■ The state contends that it has no equally plain, speedy and adequate remedy by appeal, thus justifying our acceptance of special action jurisdiction. *See* Ariz. R.P. Spec. Action 1 and 2, 17B A.R.S. Because of the somewhat peculiar procedural posture of this case, we agree.

The state does have a right to appeal from an order of dismissal. A.R.S. § 13–4032(1). However, while the respondent trial judge's order granting the defendant's motion for summary judgment was clearly intended to result in a dismissal of the underlying criminal action, it is not itself an order of dismissal, as the court merely granted the defendant's motion for summary judgment and remanded the case to city court. In addition, this special action began as a special action to superior court in which the defendant sought review of the denial of a motion to dismiss, a nonappealable order. Moreover, were we to decline jurisdiction on the ground that the state can appeal, the state would have to wait for the city court to enter its order of dismissal and appeal to the superior court, which has already granted relief in favor of the defendant on this very issue. Finally, the state has presented us with a purely legal question, which is appropriate for review by special action. *See Lewis v. Warner,* 166 Ariz. 354, 802 P.2d 1053 (App.1990). For these reasons, we accept special action jurisdiction.

■ Rule 31.16 provides as follows:

An appeal by the state is inoperative to stay order in favor of the defendant, except when the appeal is from an order granting a new trial or from an order granting a motion to suppress which directs the return of the evidence.

The comment to the rule states that its purpose is "to prevent a defendant from being automatically held in custody upon appeal by the state." Though Rule 31.16 was not at issue there, in *State v. Million,* 120 Ariz. 10, 14, 583 P.2d 897, 901 (1978), on which the respondent judge relied in granting the defendant's motion for summary judgment, our supreme court stated the general rule that "[a]bsent a stay granted by the appellate court in those rare instances where it is appropriate, the State may not leave the defendant in limbo or in custody while it pursues the right of appeal." We believe that the respondent judge's reliance on *Million* was misplaced and that it disregarded the express terms of Rule 31.16.

Although the rule provides generally that a stay does not issue when the state appeals, it expressly stays two kinds of orders: an order granting a motion for new trial and an order granting a motion to suppress which directs that evidence be returned. The court in *Million* did not mention Rule 31.16 or its precursor, Ariz. R.Crim. P. 359,[1] but neither of the exceptions was involved there. The appeal in that case was from an order suppressing marijuana seized during the search of a vehicle, evidence that could not be returned lawfully to the defendant. Consequently, *Million* does not answer the question raised here.

There are sound justifications for the rule's recognition of these two instances in which an automatic stay should apply. The comment to Rule 31.16 explains that an order granting a motion to suppress which directs that evidence be returned was added to the precursor rule to avoid the destruction of evidence while the state's appeal is pending. There is no explanation on the granting of a new trial. But, the reasons why there must be an automatic stay of a new trial when the state appeals are readily apparent, as is the fact that Rule 31.16 must also be read to suspend the speedy trial time limits.

Rule 8.2(d) requires trial to begin within 60 days of the trial court's order granting a new trial. It is virtually impossible for a state's challenge to a trial court's granting of a new trial to be reviewed on appeal within that time period. The only time the state could possibly obtain review of the propriety of the

---

1. Rule 359 provided: "An appeal by the state in no event stays the operation of an order in favor of the defendant except when the appeal is from an order granting a new trial."

motion before the expiration of the Rule 8.2(d) time limit would be in those rare instances in which an appellate court accepts special action jurisdiction. *See, e.g., State v. Fleischman*, 157 Ariz. 11, 754 P.2d 340 (App. 1988). Even then, whether review could be completed before trial is not certain.

We conclude, therefore, that Rule 31.16 implicitly suspends the running of the Rule 8.2(d) time limit until appellate review is completed. Were we to conclude otherwise, the express provision of Rule 31.16 for the automatic stay of a new trial would be meaningless. It would also elevate form over substance because the only way the state could avoid the expiration of the time would be to dismiss the case. *See Million; see also Fleischman.* We construe rules of procedure together and in such a way that they will not be contradictory, but harmonious. *See In re Maricopa County Juvenile Action No. J–96695*, 146 Ariz. 238, 705 P.2d 478 (App.1985).

We note further that staying the trial and suspending the time limit does not foreclose the possibility that the defendant can be released. Determination of release and release conditions are matters the trial court may address at any time. *See* Ariz. R.Crim. P. 7, 17 A.R.S.

Because we conclude that the trial court abused its discretion and acted in excess of its jurisdiction, we accept jurisdiction and grant relief. Ariz. R.P. Spec. Action 1 and 3. The order of the respondent trial judge granting the defendant's motion for summary judgment is reversed, and this matter is remanded to the Tucson City Court for further proceedings.

ESPINOSA, P.J., and HATHAWAY, J., concur.