NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DONALD JUVAN, *Petitioner/Appellant*,

*v.*

THE HONORABLE KARL C. EPPICH, Judge of the MESA MUNICIPAL
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge/Appellee*,

STATE OF ARIZONA, by the Mesa City Prosecutor's Office,
*Real Party in Interest/Appellee*.

No. 1 CA-CV 14-0130
FILED 12-09-2014

Appeal from the Superior Court in Maricopa County
No.  LC2013-000437-001
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Ballecer & Segal, Phoenix
By Natalee E. Segal
*Co-Counsel for Petitioner/Appellant*

The Law Offices James Tinker, Phoenix
By James S. Tinker
*Co-Counsel for Petitioner/Appellant*

Mesa City Prosecutor's Office, Mesa
By W. Craig Jones
*Counsel for Real Party in Interest/Appellee*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Michael J. Brown joined.

---

**J O N E S**, Judge:

¶1　　　　Donald Juvan appeals from the superior court's order denying special action relief. Juvan argued before that court that double jeopardy prevented prosecution of DUI offenses in the Mesa Municipal Court that had been initially charged in the Gilbert Municipal Court, but later dismissed because the Gilbert court could not find the offense occurred within the geographical boundaries of the Town of Gilbert. For the following reasons, we affirm the superior court's denial of relief.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　　Juvan was arrested and charged in the Gilbert Municipal Court with driving under the influence of alcohol in violation of Arizona Revised Statutes (A.R.S.) section 28-1381(A)(1) and (2).[1] At trial, Juvan contested the Gilbert court's jurisdiction over the offenses. The Gilbert court took evidence regarding the location of the alleged criminal conduct, determined the State did not meet its burden of proving Juvan acted "within the Town of Gilbert," and dismissed the charge "based on a jurisdictional issue."

¶3　　　　The State re-filed the same charges against Juvan in the Mesa Municipal Court. Juvan then filed a motion to dismiss, arguing he was prosecuted for the same crimes twice in violation of constitutional protections against double jeopardy. After the Mesa court denied Juvan's motion, he petitioned the superior court for special action relief. The superior court accepted jurisdiction, but denied relief.

---

[1]　　　　Absent material revisions after the relevant dates, statutes cited refer to the current version.

**¶4**         Juvan timely appealed.   We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(4) and -2101(A)(1), and Arizona Rule of Procedure for Special Actions 8(a).

## DISCUSSION

**¶5**         "We review a special action in which the superior court accepts jurisdiction but denies relief for an abuse of discretion." *Merlina v. Jejna*, 208 Ariz. 1, 3, ¶ 6, 90 P.3d 202, 204 (App. 2004).  However, we review the superior court's legal conclusions *de novo*, including its determination of whether double jeopardy applies.  *Id.*; *State v. Siddle*, 202 Ariz. 512, 515, ¶ 7, 47 P.3d 1150, 1153 (App. 2002).

**¶6**         Juvan argues jurisdiction is a substantive element of an offense, and the Gilbert court's dismissal, based upon its determination that the State failed to meet its burden of proving the criminal conduct occurred within the territorial jurisdiction of the court, equated to an acquittal on the charge; therefore, the subsequent prosecution for the same offenses in the Mesa court placed him at jeopardy of being prosecuted twice for the same conduct.  We disagree.

**¶7**         Both the United States and Arizona constitutions protect against multiple prosecutions for the same offense.  U.S. Const. amend. V; Ariz. Const. art. 2, § 10; *see also Lemke v. Rayes*, 213 Ariz. 232, 236, ¶ 10, 141 P.3d 407, 411 (App. 2006) (citing *United States v. Dixon*, 509 U.S. 688, 744 (1993), and *State v. Cook*, 185 Ariz. 358, 360, 916 P.2d 1074, 1076 (App. 1995)). The prohibition only applies, however, when the defendant is actually placed "in jeopardy" at the first proceeding.  *Rolph v. City Court of Mesa*, 127 Ariz. 155, 157, 618 P.2d 1081, 1083 (1980).  Jeopardy does not attach "until a proceeding begins before a trier 'having jurisdiction to try the question of the guilt or innocence of the accused.'"  *Serfass v. United States*, 420 U.S. 377, 391 (1975) (quoting *Kepner v. United States*, 195 U.S. 100, 133 (1904)).  Based upon the record before us, jeopardy did not attach to the proceedings in the Gilbert court.

**I.     Juvan Was Not Placed In Jeopardy Because The Gilbert Municipal Court Did Not Have Jurisdiction over the Offenses.**

**¶8**         This Court has held that dismissal of a charge serves as an "acquittal" for double jeopardy purposes when it is based upon a resolution of factual elements of the offense charged.  *Lewis v. Warner*, 166 Ariz. 354,

357, 802 P.2d 1053, 1056 (App. 1990). Our supreme court has determined, however, that jurisdiction is not a substantive element of a crime. *State v. Willoughby*, 181 Ariz. 530, 538, 892 P.2d 1319, 1327 (1995) (specifically declining to "equate jurisdiction with elements of the offense"). Where, as here, there are no "factual findings as to the merits" of the charged offense, jeopardy does not attach. *Lewis*, 166 Ariz. at 357, 802 P.2d at 1056.

¶9 Moreover, under the Arizona Constitution, the legislature is empowered to define the limitations of the municipal court. Ariz. Const. art. 6, §§ 1, 32. A municipal court has jurisdiction over violations of state law only where such violations are "committed within the limits of the city or town." A.R.S. § 22-402(B). Accordingly, a municipal court lacks authority to adjudicate crimes committed outside of its territorial limits.

¶10 Where a court lacks jurisdiction, any determination of guilt or innocence is a nullity — that is, "invalid and ineffective for any purpose." *See State v. Espinoza*, 229 Ariz. 421, 428-29, ¶¶ 31-32, 276 P.3d 55, 62-63 (App. 2012) (quoting *State v. Cramer*, 192 Ariz. 150, 153, ¶¶ 12, 16, 962 P.2d 224, 227 (App. 1998)) (internal quotations omitted). Because the defendant in such a situation would never have truly been at risk of conviction, jeopardy does not attach to the proceeding. *See State v. Hickle*, 133 Ariz. 234, 239, 650 P.2d 1216, 1221 (1982) ("Being a void order [entered by a court without the jurisdictional power to do so], it is of no force and effect and may not be a basis of a double jeopardy bar.").

¶11 Here, the alleged criminal conduct did not occur within Gilbert's town limits; therefore, the Gilbert court lacked jurisdiction to make any determination of guilt or innocence on any element of the offenses. For this reason, Juvan was not at risk of conviction, and jeopardy did not attach.[2]

---

2       We find further support for this holding in the U.S. Supreme Court's interpretation of the Double Jeopardy Clause, as well as that of numerous other jurisdictions. *See, e.g., Ball v. United States*, 163 U.S. 662, 669 (1896) ("An acquittal before a court having no jurisdiction is, of course, like all the proceedings in the case, absolutely void, and therefore no bar to subsequent indictment and trial in a court which has jurisdiction of the offense."); *Woodring v. United States,* 337 F.2d 235, 236-37 (9th Cir. 1964) ("[A] retrial, when at the first trial the court did not have jurisdiction, presents an *a fortiori* situation for non-double jeopardy."); *Gallemore v. State*, 312 S.W.3d 156, 159 (Tex. App. 2010) ("[A] subsequent prosecution for the same offense

II.    **Juvan Was Not Placed In Jeopardy Because There Was No Determination On The Merits.**

¶12        Juvan describes the dismissal of the charges brought in the Gilbert court as an "acquittal." This characterization is misplaced. Like the State in *Rolph*, "[Juvan] seems to equate dismissal with acquittal. There is a difference between the two. . . . [A] dismissal does not usually involve a determination of guilt or innocence. An acquittal results after a consideration of the facts and a finding of innocence of the charge." 127 Ariz. at 158, 618 P.2d at 1084 (citing *United States v. Scott*, 437 U.S. 82, 98-99 (1978)). Given that our supreme court has specifically determined that jurisdiction is not a substantive element of a crime, where there are no "factual findings as to the merits" of any element of the charged offense, jeopardy does not attach. *Lewis*, 166 Ariz. at 357, 802 P.2d at 1055.

¶13        Finally, we reject the suggestion that the characterization of the proceeding at which the trial court determined it lacked jurisdiction is relevant. Whether via judge or jury, at an informal hearing or trial, territorial jurisdiction in the context of a municipal court proceeding addresses the State's power to prosecute the particular crime in that locale. It is, therefore, a form of subject matter jurisdiction which can never be waived. *See* A.R.S. § 22-402(B); *State v. Jackson*, 208 Ariz. 56, 62, ¶ 21, 90 P.3d 793, 799 (App. 2004) (citing *Willoughby*, 181 Ariz. at 535, 892 P.2d at 1324).

### CONCLUSION

¶14        Accordingly, we conclude double jeopardy does not apply to bar prosecution in the Mesa court following dismissal of the same charges for lack of jurisdiction in the Gilbert court. Therefore, the superior court

---

is not jeopardy-barred when the initial conviction was obtained in the absence of jurisdiction because such a conviction is a nullity, and jeopardy does not attach."); *State v. Hutzler*, 677 S.E.2d 655, 661 (W. Va. 2009) (finding court in county where appellant was originally convicted "did not have jurisdiction of the offenses . . . , we find that the appellant was never in jeopardy for these offenses," and that therefore "double jeopardy did not bar the subsequent prosecution of the appellant for these offenses" in a different county); *State v. Hamilton*, 754 P.2d 857, 859 (N.M. Ct. App. 1988) ("[J]urisdiction is essential before jeopardy attaches.").

did not abuse its discretion in denying special action relief to Juvan, and we affirm the Mesa Municipal Court's order denying the motion to dismiss on these grounds.



Ruth A. Willingham · Clerk of the Court
FILED: ama