596 P.2d 370

**STATE of Arizona, Appellee,**

v.

**Michael Loren WHITEHEAD, Appellant.**

No. 4528.

Supreme Court of Arizona,
In Banc.

June 1, 1979.

John A. LaSota, Jr., Former Atty. Gen., Robert K. Corbin, Atty. Gen., by William J. Schafer, III, Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Aspey, Watkins & Diesel by Frederick M. Aspey, Flagstaff, for appellant.

STRUCKMEYER, Vice Chief Justice.

Michael Loren Whitehead, pursuant to a plea agreement, plead guilty to armed robbery, two counts of kidnapping with intent to commit armed robbery, kidnapping with intent to commit rape, forcible rape, and lewd and lascivious acts. He was sentenced to concurrent terms of 20 to 40 years in the Arizona State Prison on each count, with the exception of a four to five year concurrent sentence for lewd and lascivious acts, and appeals from the judgment and sentences entered thereon. Affirmed.

Appellant's sole claim of error is that the sentencing judge committed reversible error by denying his motion to withdraw guilty plea or in the alternative to vacate judgment or modify sentence for the reason his sentences violated the plea agreement.[1] It is appellant's contention that the agreement was orally modified to include the condition that appellant's state sentences run concurrent to certain federal sentences.[2] Without addressing the issue of whether a written plea agreement may be orally modified after the plea has been entered and accepted but before sentencing, we hold that appellant has failed to show that such an *agreement* was made or contemplated.

At the outset it should be noted that plea agreements are made by a defendant, his counsel and the prosecuting attorney. See *State v. Rogel*, 116 Ariz. 114, 568 P.2d 421 (1977); *State v. McFord*, 115 Ariz. 246, 564 P.2d 935 (App.1977); 17 A.R.S., Rules of Criminal Procedure, rule 17.4.b. The court may either accept the plea, after determining the accuracy of the agreement, the voluntariness and intelligence of the plea, or reject it if the court believes the provisions are inappropriate. 17 A.R.S., Rules of Criminal Procedure, rule 17.4.c., d. and e.

At no place in the record in this case is there reflected an oral agreement between the State and appellant subsequent to the written agreement. On April 7, 1978, appellant appeared for sentencing before Judge Richard K. Mangum, and the following exchange occurred:

"THE COURT: Is the defendant ready?

[DEFENSE COUNSEL]: Defendant is present, and we are prepared to proceed.

However, I would ask for a 30-day postponement. The reason for the request is that I am attempting to dispose of some federal charges which are now pending against my client. And there is a possibility that I may be able to arrange a situation where he could serve his time, including his Arizona sentence, in a federal institution. And I need 30 days in order to try and arrange this.

THE COURT: Mr. Hurst, do you have any objection to this request?

[PROSECUTOR]: Your Honor, I have no objection to their request. I hesitate, as the Court is aware from our discussion prior to this, to going along with the federal time. I think Mr. Whitehead is the type of individual who does not deserve any such break. And my understanding, at least from having talked to other inmates doing federal time, it is a substantial advantage over doing time in the Arizona State Prison.

My concern is that Mr. Whitehead is removed from society from a period of 20 years, at least 20 years, pursuant to the plea agreement we have entered into. I do want the record to reflect, I think it should reflect this situation at this time was not considered on the plea agreement when it was entered into. It has nothing to do with that. And should any type of arrangement such as this not be feasible, that should have nothing to do with the plea agreement and the Court prior to acceptance of the plea.

THE COURT: It's my understanding that the situation, from talking about this with the attorneys just a moment ago in Chambers, that there are four federal bank robbery charges pending in the San

---

1. Appellant's plea agreement provides:

   "Plea: The state of Arizona and the defendant hereby agree to the following disposition of this case.

   The defendant agrees to plead guilty to: Counts I, II, III, IV, V, & VI of the Indictment in cause 7904.

   Terms: On the following understandings, terms and conditions:

   1. The defendant shall receive a sentence of not less than 20 nor more than 40 years in

   Arizona State Prison, said sentence to be concurrent on each of the six counts.

   2. That the following charges are dismissed, or if not yet filed, shall not be brought against the defendant.

   Escape, a felony, in cause 8103

   2nd Degree Burglary, a felony, in cause 8095

   Any allegation of priors".

2. Federal authorities were seeking appellant on four bank robbery charges.

Francisco jurisdiction. Those are federal charges. The federal authorities are eager to prosecute on those.

There is a maximum sentence of 25 years on each count. And in light of the defendant's record, the likelihood is that maximum sentence will be given. The probability is that those would be made to run concurrently. And based upon the present standards, there would be parole eligibility from federal imprisonment in eight or nine years.

In the event that the defendant were released on that parole, you would then be taken to the State of Arizona to serve, finish serving the balance of 20 years, which would be twelve or eleven years remaining.

I am willing to go along with this proposal because the Arizona State Prison is presently overcrowded, the facilities are not up to standards. I think that experience has spoken, that there have been a number of escapes from the Arizona State Prison, which probably would not have occurred if it was less crowded, and better staffed and more modernly secured. It is likely to be better in the federal prison, and by the time the defendant is returned to Arizona hopefully we will have new and better facilities.

I think that the most we can hope for is to take the defendant out of circulation for 20 years. I think the likelihood of rehabilitation is slim in this case. I feel it would be an advantage to the taxpayers of the State of Arizona to have him serve as many years as possible in a federal prison, as the cost of housing him would then be a federal charge, rather than a State one.

I think Mr. Hurst is correct that probably the quarters are better. Perhaps the inmate treatment is better in a federal prison. So in that sense, it's easier time to serve.

However, I think that the suggestion that you made, Mr. Aspey, is one that we should try. I understand that in 30 days we will know whether this proposal will work out with the federal prosecution.

It is the defendant's intention to enter guilty pleas to those federal charges, I understand; is that correct?

[DEFENSE COUNSEL]: Yes.

THE COURT: In light of all the circumstances then, I will grant a postponement of the sentencing for a period of 30 days."

Appellant subsequently plead guilty to and was sentenced on the federal charges. He was then returned to Flagstaff for sentencing by the State. On July 27, 1978, appellant appeared before Judge Thomas Brooks for sentencing and the following dialogue ensued:

"THE COURT: Is there any legal cause why the Court should not proceed with disposition of sentence in this case?

[DEFENSE COUNSEL]: No legal problems.

THE COURT: Do you have anything to present in mitigation on behalf of Mr. Whitehead?

[DEFENSE COUNSEL]: Your Honor, the only thing I would like to emphasize to the Court is, at the time we entered into this plea agreement, it was Mike's concern that he be allowed to serve his time in a federal institution.

At the time the plea was entered into, too, there were several bank robbery charges, federal charges outstanding, and Mike requested that I somehow try and work out an arrangement whereby he could serve his time in a federal institution and have his state-time run concurrent.

The charges were pending in the San Francisco area. I have made numerous phone calls to the Prosecutor in San Francisco, the Prosecutor in Phoenix, as well as to the Arizona Department of Corrections in Phoenix. I also contacted the Department of Corrections in Michigan, which is where Mike is from. And finally, after several weeks, everyone was agreed that they would have no objection to that procedure. The only problem was, that in order for Mike to serve his Arizona time in a federal institution, he had to first be sentenced in Federal Court

and then be brought back here to Flagstaff for sentencing.

So on March 23rd Mike pled, and until just recently he has been down in Phoenix awaiting a disposition of the charges in Phoenix.

It is my understanding that on June 10th, Mike appeared before the Honorable Judge Copple and pled guilty to four counts of robbery; that he received a 20-year sentence on three of the counts; that those three counts ran concurrent. He also received a 15-year sentence on Count IV, and the 15-year sentence ran consecutively with the other counts.

Bill Hurst and myself then prepared a writ and had Mike transferred from Phoenix up here for today's sentencing.

So really, pursuant to the plea agreement, I guess what I am asking the Court to do is to accept the plea agreement and to run his Arizona sentence concurrent with the sentence imposed by Judge Copple.

I would also like the Court to then release Mike into the custody of the Federal Marshal, who is present here today.

THE COURT: Mr. Hurst, do you have anything to say?

[PROSECUTOR]: Just very briefly, Your Honor.

The plea agreement provides that the six counts that the Defendant plead guilty to in Coconino County be concurrent. It also provides—well, not specifically, but under the statute, the Defendant must do a minimum of 20 years before he is eligible for parole under certain of the charges. The 20 years' minimum is what the State of Arizona was concerned with in the prosecution and conviction of Michael Whitehead.

It was our understanding all along, and I think it was Mr. Whitehead's understanding, that no matter what he gets in Federal Court, he could be returned to Arizona to serve out those 20 years, if he is let out earlier.

It is my understanding his parole eligibility, as far as the Federal charges go, is something in the neighborhood of 10 years and three months.

There is no parole eligibility until he has served the 20 years under the charges he has pled guilty to in the State of Arizona, and that is what we are concerned with. We are concerned with seeing Mr. Whitehead removed from society for at least that period, and even more, if the Court should so desire.

[DEFENSE COUNSEL]: Your Honor, one more thing I didn't mention. Of course, the three kidnapping charges carry a 20 to 50 year range, the robbery and rape charge carries a 5 to life, and I believe the lewd and lascivious act carries a one to five.

THE COURT: Mr. Whitehead, is there anything that you want to say in your own behalf?

DEFENDANT WHITEHEAD: No, sir.

THE COURT: In my opinion, if the sentences for these crimes were to run concurrently to those imposed for committing a crime in another jurisdiction, there would be no sentence at all.

Mr. Whitehead, in reviewing your past record, considering that record and also considering the nature of these current charges, it is simply my feeling that you should be locked up until you are a much older man and possibly incapable of committing these kinds of crimes."

Judge Brooks then sentenced appellant, and specifically ordered the sentences to run consecutive to the federal sentences.

■ We think this record clearly indicates that while the prosecutor had no objection to appellant's request, he unmistakably indicated that appellant's proposal was not considered part of the plea agreement. Moreover, he clearly indicated his opposition to the idea of appellant serving his Arizona sentences in a federal prison. We do not find on this record that an agreement was made or even at any time contemplated.

■ While Judge Mangum indicated a willingness to accept appellant's proposal, this was not binding on Judge Brooks, the sentencing judge. A court has wide discre-

tion in passing sentence and its exercise thereof will be upheld as long as it is within the statutory limits and there is no clear abuse of discretion. *State v. Sanders,* 110 Ariz. 503, 520 P.2d 1127 (1974); *State v. Mathis,* 110 Ariz. 254, 517 P.2d 1250 (1974); *State v. Masters,* 108 Ariz. 189, 494 P.2d 1319 (1972). The defendant had an extensive criminal background and, as the court noted, it is unlikely that appellant could be rehabilitated. The sentences were not inappropriate.

Judgments and sentences affirmed.

CAMERON, C. J., and HAYS, HOLO-HAN and GORDON, JJ., concur.