611 P.2d 928

The STATE of Arizona, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and The Honorable Michael E. Bradford, Judge of the Superior Court, and Gary Don Williams, real party in interest, Respondents.

No. 14727.

Supreme Court of Arizona, In Banc.

May 14, 1980.

Charles F. Hyder, Maricopa County Atty. by David A. Rubin, Deputy County Atty., Phoenix, for petitioner.

Leslie L. Miller, P.C., by Richard I. Mesh, Phoenix, for real party in interest.

CAMERON, Justice.

We accepted this petition for special action to consider the effect of a plea agreement upon a sentence after the acceptance of a plea of guilty when the trial judge declined to follow the provisions of the plea agreement as to the sentence. We have jurisdiction under Rule 8, Rules of Procedure for Special Actions, 17A A.R.S.

We must answer two questions:

1. Does the State have standing to object to a trial judge's failure to honor a properly negotiated plea agreement?

2. Did the trial court have jurisdiction to sentence contrary to the plea agreement?

Respondent, Gary Don Williams, was charged by indictment with attempted armed robbery, a Class Three and dangerous felony, and two counts of armed robbery, a Class Two and dangerous felony. Thereafter, Williams and the petitioner State entered into a plea agreement whereby Williams agreed to plead guilty to Count I, attempted armed robbery, and Count III, armed robbery, with a stipulation of prison sentences of seven and one-half and ten and one-half years on Counts I and III respectively. The State, in consideration, dismissed the allegations of dangerousness which had been alleged pursuant to A.R.S. § 13–604(G), and the Count II charge of armed robbery. The written plea agreement contained the following:

"7. If after accepting this agreement the court concludes that any of its provisions regarding the sentence or the term and conditions of probation are inappropriate, it can reject the plea, giving the state and the defendant each an opportunity to withdraw from the plea agreement. In case this plea agreement is withdrawn, all original charges will be automatically reinstated.

"8. The parties hereto fully and completely understand and agree that it is the court's duty to impose sentence upon the defendant and that any sentence either stipulated to or recommended herein in paragraph two is not binding upon the court, and that the court need not accept either the stipulation or recommendation but is bound only "by the limits set forth in paragraph one [indicating the statutory range] and the applicable statutes."

On 21 November 1979, the guilty pleas of the defendant were accepted, and the court set a day for sentencing and further ordered a presentence investigation. On 8 January 1980, the court sentenced the defendant to three years, nine months on Count I, and five years and three months on Count III. The State brought a petition for special action in this court. We accepted the petition because this is a matter of state-wide interest and because there is no adequate remedy by appeal.

STANDING

Rule 17.4(a), Arizona Rules of Criminal Procedure, 17 A.R.S., provides that the State and the defendant may negotiate concerning "any aspect of the disposition of the case." By this language, the State and the defendant may bargain both as to the plea of guilty and as to the sentence to be imposed. The rules recognize that properly negotiated plea agreements or "plea bargains," as they are frequently called, are an essential part of the criminal process and can enhance judicial economy, protect the resources of the State, and serve the ends of justice for the defendant, the State and the victim.

Pursuant to Rule 17.4(a), supra, the court may not participate in such plea negotiations. The court, however, does play an important role after the plea agreement has been reached. The court must review the plea agreement to see if the ends of justice and the protection of the public are being served by such agreement. Rule 17.4(d) and (e), Arizona Rules of Criminal Procedure, 17 A.R.S., reads as follows:

"d. Acceptance of Plea. After making such determinations, the court shall either accept or reject the tendered negotiated plea. The court shall not be bound by any provision in the plea agreement regarding the sentence or the term and

conditions of probation to be imposed, if, after accepting the agreement and reviewing a presentence report, it rejects the provision as inappropriate.

"e. Rejection of Plea. If an agreement or any provision thereof is rejected by the court, it shall give the defendant an opportunity to withdraw his plea, advising him that if he permits his plea to stand, the disposition of the case may be less favorable to him than that contemplated by the agreement."

The rule does not specifically provide that the State may also withdraw from the plea agreement previously entered into if the court rejects the terms of the plea agreement. We believe, however, it is implicit in the rule that the State, if it is to bargain freely and on equal terms with the defendant, must also be allowed to timely withdraw from a plea agreement when it is apparent that the court does not wish to abide by its terms. In the words of Justice Cardozo:

"[J]ustice, though due to the accused, is due to the accuser also. * * * We are to keep the balance true." *Snyder v. Massachusetts*, 291 U.S. 97, 122, 54 S.Ct. 330, 338, 78 L.Ed. 674, 687 (1933).

■ Since the State has the right, if timely asserted, to withdraw from a plea agreement when it is apparent that the court is not going to abide by the terms of the agreement, it follows that the State has standing to object when the court attempts to proceed in apparent disregard of the plea agreement.

## JURISDICTION OF THE TRIAL COURT

The defendant contends that once the plea of guilty has been accepted, jeopardy attaches, and the court may not set aside a sentence imposed as a result of the guilty plea.

■ We agree that the acceptance of a plea of guilty puts the accused in jeopardy. *Riadon v. United States*, 274 F.2d 304 (6th Cir. 1960); *United States v. Jerry*, 487 F.2d 600 (3rd Cir. 1973); *Stowers v. State*, 266 Ind. 403, 363 N.E.2d 978 (1977); Rule 26.-

1(c), Arizona Rules of Criminal Procedure, 17 A.R.S.; *Lombrano v. Superior Court*, 124 Ariz. 525, 606 P.2d 15 (1980). Absent the consent of the defendant or a motion of the defendant to withdraw his guilty plea pursuant to Rule 17.4(e), a sentence validly imposed may not be disturbed. This assumes, however, that the court had the jurisdiction to impose the sentence. Rule 17.4(d) and (e) gives the court only two options when it is presented with a plea pursuant to a plea agreement. The court may accept the terms of the plea agreement or reject them in their entirety. If the court accepts the plea agreement, it must proceed pursuant to the agreement. Unless the plea agreement specifically gives the court discretion to do otherwise, the court may not vary the terms of the plea agreement without consent of the parties. There is no authority or jurisdiction for the trial court to impose a sentence contrary to the plea agreement. Since the court lacked jurisdiction to sentence contrary to the plea agreement, the attempted sentence was a nullity and, in law, never imposed. As was pointed out by the Florida appellate court in a case wherein the trial court found the defendant not guilty after entry of a plea of nolo contendere:

"Lastly, we say that respondent's resistance to the petition herein on double jeopardy grounds is not well founded. While ordinarily jeopardy attaches upon the entry of a plea of guilty or nolo contendere and its acceptance by the court, double jeopardy sanctions come to fruition *only after the court properly acts thereon in a manner within its jurisdiction and authority.* (footnote omitted) We have held herein that the trial court exceeded that authority when he entered the finding of not guilty and discharged respondent. Therefore, the matter is still pending. Stated otherwise, this is not a *second* or *subsequent* prosecution of the respondent on the charge herein, rather, this is still the *first* and *same* prosecution which was simply prematurely and improperly terminated by the court without jurisdiction or authority." *State v. Vinson*, 320 So.2d 50, 53–54 (Fla.App.1975).

We are aware that when a plea of guilty is prematurely accepted, the court may later, upon reading the presentence report, feel that a different sentence is more appropriate than the one agreed to by the parties. Indeed, as noted above, the court has a responsibility to ascertain that the sentence agreed to in the plea agreement is appropriate. If, however, the court accepts the plea of guilty without first determining that the provisions of the plea agreement are acceptable, the court may be bound by provisions to which it does not agree. We have previously noted, however, the procedure to be followed when the trial judge does not wish to accept a guilty plea before there is a chance to make a decision as to the sentence:

> "If a judge cannot set aside *sua sponte* his acceptance of a guilty plea, how can he avoid the problems inherent in a hasty presentation of a plea when full background on the defendant is lacking? He can, after he has taken all of the steps required by Rule 17, defer the acceptance of the plea until he has the necessary facts or up to the time of the entry of the judgment of conviction. We note that the last sentence of Rule 17.3 provides:
>
>> 'The trial court may at that time determine that there is a factual basis for the plea or the determination may be deferred to the time for judgment of guilt as provided by Rule 26.2(c).'
>
> "Acceptance of a guilty plea can, if necessary be deferred up until this point in the proceedings." *Lombrano v. Superior Court,* supra, 124 Ariz. at 526, 606 P.2d at 16 (1980).

Remanded for sentencing consistent with this opinion.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.