839 P.2d 454

**STATE of Arizona, ex rel. Melvin R. BOWERS, County Attorney for the County of Navajo, Petitioners,**

v.

**SUPERIOR COURT OF the State of Arizona, in and for the COUNTY OF NAVAJO, the Honorable Warner G. Leppin, a judge thereof, Respondent,**

**Shawn SPENCER, Real Party in Interest.**

**No. 1 CA–SA 92–0094.**

Court of Appeals of Arizona, Division 1, Department B.

July 30, 1992.

Review Denied Nov. 17, 1992.*

* Moeller, V.C.J., and Corcoran, J., of the Supreme Court, voted to grant review.

**36**

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals, and Colleen L. French, Asst. Atty. Gen., Phoenix, for petitioners.

Donna Lyn Miers, Holbrook, for real party in interest.

## OPINION

JACOBSON, Presiding Judge.

In this special action, the state seeks review of the trial court's rejection of a plea agreement on the ground that it contained a stipulated sentence, and from the trial court's order striking the state's allegations of *Hannah* priors on the ground that it would subject the real party in interest (defendant) to cruel and unusual punishment if A.R.S. § 13–604(H) were applied to him in this case. We previously entered an order granting relief in part and denying relief in part with an opinion to follow. This is that opinion.

### Factual Background

On August 30, 1991, defendant was charged by information with three counts of third degree burglary, class 3 felonies; three counts of second degree burglary, class 4 felonies; four counts of theft, class 1 misdemeanors; one count of theft, a class 4 felony; and two counts of criminal damage, class 2 misdemeanors. On October 16, 1991, the state filed an "Addendum to Information," alleging that each of the felony counts were prior convictions for purposes of enhanced sentencing, pursuant to A.R.S. § 13–604(H) and *State v. Hannah,* 126 Ariz. 575, 617 P.2d 527 (1980).

On February 5, 1992, the parties submitted a plea agreement to the trial court for approval. The agreement provided that defendant would plead guilty to three counts of third degree burglary, class 4 felonies. Based upon how the parties treated the various counts as prior convictions, the partial effect of the agreement was that defendant would have to serve minimum concurrent sentences of eight years imprisonment, but be eligible for release after six years. Defendant also agreed to pay restitution not to exceed $100,000 to all victims, including those in the dismissed counts, and the state offered defendant the opportunity to obtain immunity for any other property offenses he had committed if he disclosed the details, made restitution to the victims, and assisted the police in retrieving the property.

At the change of plea hearing, the trial court, before determining the voluntariness of the plea or its factual basis, rejected the plea agreement out of hand for the following reason:

> THE COURT: Counsel, I'm not going to accept the Plea Agreement on the basis that it's a stipulated sentence. . . .

> Show the court rejects the Plea Agreement on the basis that the Plea Agreement provides what the court will sentence the defendant to, with no discretion left to the Court whether to mitigate or aggravate the sentence. . . .

Defendant filed a motion for reconsideration, arguing that rejection of the plea agreement left defendant facing trial on charges that could range from a minimum sentence of 72.5 years, a presumptive of 88.5 years, and a maximum of 119.5 years. Defendant also filed a "Response in Opposition of Allegation of Hanna[h] Priors," requesting that the court strike the state's allegation of priors because the potential sentencing range would constitute cruel and unusual punishment as applied to this defendant. The sentence would be cruel and unusual, it was argued, because the potential range of sentencing defendant would face is disproportionate to that imposed in this jurisdiction for other crimes and to that imposed in other jurisdictions for the same crimes.

At the hearing on both motions, the court ruled as follows regarding its rejection of the plea agreement:

> I don't know how many times I have to put this on the record. The Court, regarding the Motion for Reconsideration, does not think that rule 17 or 17.2, eliminates the right of the Court to reject summarily a Plea Agreement, which the Court is not willing to accept on the face of the Agreement.

> On the face of the Agreement in this matter, there is absolutely no discretion by the Court regarding any of the charges that the defendant is pleading guilty to. I do not know whether I would sentence that defendant to more or less. . . .

But there is no question in the Court's mind that this particular Plea Agreement absolutely eliminates the need for the court. You may as well do it without me. I'm not going to sit up here and be a shill for the attorneys, and what they agree to, when I know that they are not fettering the Court's discretion, they are taking it away and eliminating it completely.

> The Court will not do it. Take me up. And if the Court of Appeals wants to say that this can be done, that's okay. I don't think the right of the County Attorney gives the County Attorney the right to be judge, jury and trier of the facts and sentencing judge at the same time.

On the constitutionality of the *Hannah* priors, the court ruled:

> The Court rejected the Plea Agreement on the basis that the same was a stipulated sentence and was an infringement on the power of the Court's discretion as to this matter and rejected the Plea Agreement. The State now wishes to use Hannah Priors to enhance punishment which the State does not contest could subject this 19 year old person with no prior felony convictions to a minimum term of 72.5 years and a maximum of 119.5 years. Further, the State does not contest that in the Defendant's listed memo the maximum/minimum range of penalties would be approximately half or less of that proposed by the State in this particular case. The Court has reviewed the cases of *Sole[m]*, *Harmelin*, and *State v. Bartlett* and both the Federal and State Constitutions and finds in this particular case based on the inherent gravity of the offenses in this case, the sentence imposed for similar offenses in this jurisdiction and sentences imposed for similar crimes in other jurisdictions, that by allowing the application of Hannah priors that the same would create disproportionality as to punishment to such an extent that it would shock the conscience of this Court under the particular circumstances of this case. Further, the Court finds that the extreme sentence that could be imposed is grossly

disproportionate to the spree crime involved, and therefore

IT IS ORDERED that the allegations of Hannah priors is denied.

The state has sought review of both orders by special action.

## Discussion

### 1. Special Action Jurisdiction

 Both challenged actions of the trial court are non-appealable. The state has no right to appeal from a rejection of a plea agreement because interlocutory appeals are not permitted in criminal cases. *See Nalbandian v. Superior Court*, 163 Ariz. 126, 128, 786 P.2d 977, 979 (App.1989), *cert. denied*, 498 U.S. 997, 111 S.Ct. 554, 112 L.Ed.2d 562 (1990). We recognize that an order striking an allegation of prior convictions is appealable after sentencing as an illegal sentence under A.R.S. § 13–4032(6), if *after conviction*, the trial court refuses to impose an enhanced sentence based on those priors. *State ex rel. McDougall v. Crawford*, 159 Ariz. 339, 340–41, 767 P.2d 226, 227–28 (App.1989); *see, e.g., State v. Sands*, 145 Ariz. 269, 276–77, 700 P.2d 1369, 1376–77 (App.1985). Such an issue could also be raised after sentencing by cross-appeal under A.R.S. § 13–4032(4) as a "ruling on a question of law adverse to the state when the defendant was convicted and appeals from the judgment." *Crawford*, 159 Ariz. at 341 n. 2, 767 P.2d at 228 n. 2. However, in this case, the trial court has stricken the allegation of prior convictions prior to trial. Such an order will prevent the state from obtaining a conviction on the allegation of priors, so special action jurisdiction is appropriate to allow the state to contest the denial of this prosecutorial function.[1] *Id.* at 340–41, 767 P.2d at 227–28.

Furthermore, the state contends, and defendant concedes, that the issues raised in this case are of first impression and are a matter of statewide importance because they could routinely recur in future cases. For these reasons, in the exercise of our discretion, we accept special action jurisdiction.

### 2. Judicial Estoppel

 As a preliminary matter, we note the unique procedural posture of this special action in which the state, by arguing that the trial court's rejection of the plea agreement was an abuse of discretion, is also arguing, in effect, that the court's subsequent denial of *defendant's* motion for reconsideration was error. The state is therefore in the position of supporting defendant's motion in the trial court. We believe, however, that the state "has standing to object when the court attempts to proceed in apparent disregard of the plea agreement." *State v. Superior Court*, 125 Ariz. 575, 578, 611 P.2d 928, 931 (1980). Therefore, because the state has an interest in reinstating a plea agreement to which it is a party in an effort to protect its resources and enhance judicial economy, the state is a proper party to bring this action. *Id.* However, the state has also sought to have defendant judicially estopped in this special action from taking a position inconsistent with his arguments in the motion for reconsideration. Because this would effectively rob this court of an adversarial presentation, and because defendant may now believe that his bargaining position may have improved because of the court's action, we do not believe this is an appropriate case to apply judicial estoppel. We therefore will consider defendant's arguments in response to the state's petition.

### 3. Rejection of Plea Agreement

The state first contends that the trial court erred in rejecting the plea agreement because, by doing so, the court abrogated the rights of the state and defendant to enter into a plea agreement pursuant to Rule 17.4, Arizona Rules of Criminal Procedure. The state contends that a trial court does not have authority to reject an entire plea agreement based on a finding that a stipulated sentence is inappropriate. This

---

**1.** Because we accept special action jurisdiction as to the striking of the priors, it serves judicial economy to also consider the rejection of the plea agreement.

argument is based upon Rule 17.4(c), 17.-4(d), and 17.4(e), Arizona Rules of Criminal Procedure.

Rule 17.4 provides, in relevant part:

c. *Determining the Accuracy of the Agreement and the Voluntariness and Intelligence of the Plea.* The parties shall file the agreement with the court, which *shall address the defendant personally* and determine that he understands and agrees to its terms, that the written document contains all the terms of the agreement, and that the plea is entered in conformance with Rules 17.2 and 17.3.

d. *Acceptance of Plea. After making such determinations, the court shall either accept or reject the tendered negotiated plea.* The court shall not be bound by any provision in the plea agreement regarding the sentence or the term and conditions of probation to be imposed, if, after accepting the agreement and reviewing a presentence report, it rejects the provision as inappropriate.

e. *Rejection of Plea.* If an agreement or any provision thereof is rejected by the court, it shall give the defendant an opportunity to withdraw his plea, advising him that if he permits his plea to stand, the disposition of the case may be less favorable to him than contemplated by the agreement.

(Emphasis added.) The state contends that the above emphasized portions of the rule require the court to address a defendant personally in open court to advise him of his rights, the consequences of the plea, and make a determination of voluntariness and factual basis pursuant to Rules 17.2 and 17.3, before the court has any discretion to reject the entire plea as contrary to the ends of justice or the protection of the public. Implicit in the state's position is the argument that because the trial court in this case rejected only the sentencing provision, if it had found the plea to be otherwise voluntary and factually based, the court would have been required under Rule 17.4 to accept the plea and should have then afforded defendant an opportunity to withdraw from the plea because the

court did not agree with the stipulated sentences. If defendant had not withdrawn, the court would have been bound by the other terms of the plea agreement, and would have been limited to sentencing defendant within the statutory range for the counts to which he pleaded guilty. However, this is not a situation in which the court would have accepted the terms of the plea agreement subject to rejection of the sentencing provision; rather, the court rejected the entire agreement.

██ A trial court has discretion to accept or reject a plea agreement in its entirety. *See* Rule 17.1(a), Arizona Rules of Criminal Procedure ("A plea of guilty or no contest *may* be accepted by a court having jurisdiction to try the offense"); *State v. Whitehead,* 122 Ariz. 535, 536, 596 P.2d 370, 371 (1979) (A court may reject a plea if it believes its provisions are inappropriate). Although the court is prohibited from participating in the plea negotiations by Rule 17.4(a), the court must still review the terms of the agreement "to see if the ends of justice and the protection of the public are being served by such agreement." *State v. Superior Court,* 125 Ariz. at 577, 611 P.2d at 930. The trial court has wide discretion in deciding whether to accept or reject a plea agreement. *State v. De Nistor,* 143 Ariz. 407, 411, 694 P.2d 237, 241 (1985).

██ We disagree that Rule 17.4 requires the trial court to determine the voluntariness and factual basis of a plea agreement before rejecting the entire agreement. We do not believe that a reading of Rule 17 in its entirety leads to that conclusion. Rules 17.2 and 17.3 require a trial court to address defendant personally in open court and make its determinations only "[b]efore *accepting* a plea of guilty...." The purpose of these determinations is to insure that a defendant is afforded due process prior to relinquishing his constitutional rights. *See Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. De Nistor,* 143 Ariz. at 412, 694 P.2d at 242 ("[t]hese rights are so important that care must be taken to assure that defendant is aware of

exactly what he has given up"). However, in rejecting a plea agreement, the court does not impair any of defendant's constitutional rights; rather, the court restores to defendant the rights he has relinquished in the written agreement, and that agreement becomes inadmissible at any subsequent proceeding. *See* Rule 17.4(f), Arizona Rules of Criminal Procedure. Under such circumstances, we do not find it an abuse of discretion for a trial court to refuse to waste the court's and the parties' time holding a change of plea hearing to determine voluntariness and factual basis for a plea agreement which the court is going to reject because its terms are inappropriate on its face.

■ Here, the trial court rejected the entire plea agreement because it found the stipulated sentencing provisions repugnant. Although Rule 17 allows the parties to agree to a stipulated sentence, it does not require that a trial court must accept a plea that contains such a provision and proceed in accordance with the terms of the plea subject only to the parties' opportunity to withdraw if the court deviates from the stipulated sentence.

The trial court indicated its displeasure with the fact that the prosecutor had bargained away the court's discretion. We will not find that this judge abused his discretion by aggressively protecting the judicial authority over sentencing afforded to him by our statutory scheme. The court, in remarking on the effects of the stipulated sentence, was attempting to preserve "that sharp separation of powers" necessary to prevent one branch of government from encroaching upon functions properly belonging to the other. *See, e.g., State v. Jones*, 142 Ariz. 302, 304, 689 P.2d 561, 563 (App.1984) (legislature may not grant to prosecutor authority to make or withhold recommendation of alternative sentencing under A.R.S. § 28–692.01(C)).

We will not read Rule 17.4 so narrowly that it prevents this discretion. We find no abuse of discretion in the trial court's rejection of the plea in its entirety in this case.

4. *Striking of the Hannah Priors as Subjecting Defendant to Cruel and Unusual Punishment*

The state also contends that the trial court abused its discretion in striking the state's allegations of *Hannah* priors by finding that the mandatory enhanced sentencing range would subject defendant to cruel and unusual punishment under the United States and Arizona Constitutions. We agree with the state that this order was improper.

■ We start with the established proposition that the prosecution has sole discretion to file an allegation of prior convictions for purposes of invoking enhanced sentencing; as long as the allegations are timely filed, the court has no discretion to dismiss the allegation. *State v. Birdsall*, 116 Ariz. 112, 568 P.2d 419 (1977); *State v. Buchholz*, 139 Ariz. 303, 678 P.2d 488 (App. 1983). Even if the parties' pleadings can be construed as motions acknowledging a court's power to strike an allegation of priors, no such discretion is vested in the court. *State v. Deddens*, 119 Ariz. 156, 158, 579 P.2d 1126, 1128 (App.1978). As the county attorney cannot act as the court in sentencing, neither can the court act as the county attorney in prosecuting.

■ We note that in very rare circumstances, the application of mandatory enhanced sentencing provisions to a particular defendant may constitute cruel and unusual punishment. *See, e.g., State v. Bartlett*, 171 Ariz. 302, 830 P.2d 823 (*Bartlett II*) (application of dangerous crimes against children act to defendant's sentence constituted cruel and unusual punishment).[2] However, such a determination is

2. The Arizona Supreme Court has now issued its decision upon remand in *Bartlett*, on which the trial court relied in this case, and which was based on the three-prong test for cruel and unusual punishment set forth in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). *See Bartlett II.* The prior *Bartlett* decision was vacated by the United States Supreme Court after *Harmelin v. Michigan. State v. Bartlett*, 164 Ariz. 229, 792 P.2d 692, (1990), *remanded for reconsideration* in light of *Harmelin v. Michigan*, — U.S. —, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), *Arizona v. Bartlett*, — U.S. —, 111 S.Ct. 2880, 115 L.Ed.2d 1046 (1991).

usually made at sentencing or on appeal after sentencing, not prior to trial. *See, e.g., State v. Jonas*, 164 Ariz. 242, 792 P.2d 705 (1990); *State v. Taylor*, 160 Ariz. 415, 773 P.2d 974 (1989); *State v. Mulalley*, 127 Ariz. 92, 618 P.2d 586 (1980). If, after conviction, the court finds the mandatory penalty so severe and disproportionate to the crime "as to shock the conscience of society," it must find the potential penalty cruel and unusual. *State v. Davis*, 108 Ariz. 335, 337, 498 P.2d 202, 204 (1972).

 In this case, however, we agree with the state that such a determination is premature. First, as the state points out, defendant may not be convicted on all the counts alleged in the indictment, thereby reducing the potential sentencing range.[3] Second, some of the counts may indeed constitute "spree" offenses to other counts, depending on the evidence introduced at trial, thus eliminating their effect as *Hannah* priors on sentencing. Third, even if defendant is convicted on all counts alleged in the information and all the *Hannah* priors alleged are applied, the trial court may properly consider the fact that defendant's sentence has already been enhanced, and can consider, as a mitigating circumstance to reduce the sentence within the enhanced range, the fact that this defendant has never before been exposed to the rehabilitative or deterrent effects of the Department of Corrections. *See State v. Risco*, 147 Ariz. 607, 611–12, 712 P.2d 454, 458–59 (App.1985). Fourth, and most importantly, the trial court has overlooked its discretion to impose concurrent sentences if it finds that application of consecutive sentences within the mandatory enhanced range would be too harsh under the circumstances of this case. Although our statutory scheme creates a presumption in favor of consecutive sentences, the trial court retains discretion to "expressly direct otherwise" if it sets forth on the record the reasons for its sentence. A.R.S. § 13–708. Defendant therefore is not facing a *minimum* potential mandatory sentence of 72.5 years, which presumes consecutive sentences. Rather, the imposition of concurrent sentences in this case would result in a minimum potential mandatory sentence of only ten years for defendant's most serious crime, a class 3 felony, even when enhanced by the maximum *Hannah* priors. *See* A.R.S. § 13–604(B), § 13–701(C)(3). Such a mandatory minimum sentence would probably not be considered cruel and unusual punishment for eight separate burglaries and thefts with accompanying criminal damage. *See, e.g., State v. Davis*, 108 Ariz. 335, 338, 498 P.2d 202, 205 (1972) (not cruel and unusual to subject a felon with two prior convictions to a minimum sentence of ten years imprisonment).

For the foregoing reasons, we hold that the trial court erred in striking the state's allegation of prior convictions prior to trial. We therefore accept special action jurisdiction and grant the state's request for relief in part by vacating the trial court's order striking the allegation of priors. The state's allegation of prior convictions is reinstated. However, because we find no abuse of discretion in the trial court's rejection of the plea agreement, we deny relief in part.

TAYLOR and EUBANK, JJ., concur.

---

However, we do not need to address the effect of *Bartlett II* in this case, because we do not reach the merits of defendant's substantive argument regarding cruel and unusual punishment. Rather, we grant the state's requested relief in this case solely on the basis of our determination that the trial court abused its discretion in striking the allegation of prior convictions prior to trial.

3. Defendant has computed that he would face a mandatory enhanced range of from 72.5 to 119.5 years imprisonment if he were sentenced to consecutive sentences on all counts. Because the state has not challenged this computation, we accept it as correct for purposes of this special action, without determining its accuracy.