868 P.2d 978

**STATE of Arizona, Appellee,**

v.

**Todd Matthew RENNER, Appellant.**

**No. 1 CA–CR 92–0907.**

Court of Appeals of Arizona,
Division 1, Department C.

Aug. 12, 1993.

Reconsideration Denied Sept. 21, 1993.

Review Denied Feb. 15, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Cr. Appeals Section, and John Pressley Todd, Asst. Atty. Gen., Phoenix, for appellee.

C. Kenneth Ray II, Phoenix, for appellant.

## OPINION

FIDEL, Judge.

We hold in this opinion that neither the state constitution nor the rules of criminal procedure impede one judge from accepting a plea agreement rejected by another.

### I. Factual and Procedural History

Todd Matthew Renner (defendant) entered an agreement to plead guilty to one count of aggravated assault, a class three felony. The State agreed in exchange to drop an additional charge of aggravated assault, a class two felony and dangerous crime against children. The agreement stipulated that defendant would serve time in prison and pay restitution. It specified that the crime carried a minimum sentence of 3.75 years, a presumptive sentence of five years, and a maximum sentence of ten years.

Judge Paul A. Katz rejected the plea agreement after an aggravation/mitigation hearing, commenting that a sentence to one year in jail and five years' probation would provide better supervision of defendant and protection for the community. After granting the State's resultant motion to withdraw from the plea agreement, Judge Katz set aside the guilty plea and transferred the case for reassignment to another judge. *See* 17A A.R.S. Rules of Crim.P., Rule 17.4(e) and (g). Subsequently, Judge Maurice Portley, to whom the case was transferred, accepted the same plea agreement, sentenced defendant to

the presumptive term of five years in prison, and ordered him to pay restitution of $94,-294.91.

Defendant now appeals, arguing pursuant to article six, section thirteen, of the Arizona Constitution that the sentencing judge lacked jurisdiction to accept an agreement that had been rejected by a coequal judge. Alternatively, defendant argues that the sentencing judge abused his discretion by not reviewing the testimony that defendant presented in mitigation to the first judge.

## II. Timeliness

The State challenges the timeliness of defendant's appeal, arguing that this court lacks jurisdiction because defendant failed to meet the twenty-day requirement of Arizona Rule of Criminal Procedure 31.3. This contention is frivolous. The trial court sentenced defendant on May 18, 1992, and defendant filed his appeal on Monday, June 8, 1992. Although June 8th was the twenty-first day from sentence, the twentieth day was a Sunday. Arizona Rule of Criminal Procedure 1.3 provides in pertinent part:

> In computing any period of time of more than 24 hours prescribed by these rules, ... [t]he last day of the period so computed shall be included, *unless* it is a Saturday, Sunday or legal holiday, in which case the period shall run until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.

(emphasis added). Defendant's filing met the requirements of Rule 1.3.

■ The State correctly points out that defendant did not separately appeal the denial of modification of sentence. *See State v. Wynn*, 114 Ariz. 561, 563, 562 P.2d 734, 736 (App.1977). Yet defendant's failure to appeal the denial of modification does not deprive this court of jurisdiction to consider his appeal of the original sentence, which raises the same issues. We therefore proceed to the merits.

## III. Jurisdiction

Defendant argues that pursuant to article six, section thirteen, of the Arizona Constitution, the sentencing judge lacked jurisdiction to accept the agreement that a coequal judge had already rejected. The constitution says no such thing. Article six, section thirteen, provides:

> The judgments, decrees, orders and proceedings of any session of the superior court held by one or more judges shall have the same force and effect as if all judges of the court had presided.

The purpose of this limited constitutional provision was explained as follows on the floor of the Arizona Constitutional Convention of 1910:

> Mr. Franklin: I was a member of the judiciary committee, but there is a provision in section 5 which is new to me, and I do not quite understand it. "The judgments, decrees, orders, etc., shall be equally effectual as if all the judges had presided at said session." I do not understand what is the purpose of that.
>
> Mr. Lynch: I might suggest the reason for it is that in the California system there are often two judges in one county who divide the work into two departments. The purpose of this is to legalize the work of one judge, making the work of one department legal without the concurrence of the other judge in the same county.

The Records of the Arizona Constitutional Convention of 1910 at 335 (John S. Goff, ed., 1991).[1]

■ This court has encouraged trial judges in other contexts to avoid reconsideration of another judge's ruling unless reconsideration is warranted by a change of circumstances. *See, e.g., Hibbs v. Calcot, Ltd.*, 166 Ariz. 210, 214, 801 P.2d 445, 449 (App. 1990) (reconsideration inappropriate where the additional evidence was not "newly discovered or previously unavailable evidence,

---

**1.** The convention adopted this provision on November 30, 1910, as section 5 of Article VI of the finished constitution. *See* The Records of the Arizona Constitutional Convention of 1910 at 793, 1207, 1372. The provision was transferred to section 13 of Article VI by referendum in 1960. *See* Initiative and Referendum Publicity Pamphlet State of Arizona (Wesley Bolin comp., 1960). The publicity pamphlet for the 1960 amendment does not discuss this provision. *See id.*

and did not justify reexamination by a second judge"). We have never suggested, however, that a trial judge lacks jurisdiction to do so or that it would be unconstitutional to do so.

■ Moreover, Rule 17.4 of the Arizona Rules of Criminal Procedure expressly provides for a change of judge when a plea is rejected by the judge initially assigned.[2] And the rule contains no limitation on the second judge's discretion to entertain and independently review any plea that the parties may choose to enter. The trial judge's discretion to accept or reject a plea is substantial. *See State v. Superior Court,* 173 Ariz. 34, 839 P.2d 454 (App.1992) (a judge must independently evaluate each plea bargain that is entered in his or her court "to see if the ends of justice and the protection of the public are being served"); *State v. De Nistor,* 143 Ariz. 407, 411, 694 P.2d 237, 241 (1985) (acceptance or rejection of a plea bargain is a discretionary ruling); *State v. Whitehead,* 122 Ariz. 535, 538, 596 P.2d 370, 373 (1979) (prior judge's willingness to accept defendant's proposal, which was not part of bargain, did not bind sentencing judge). Had the drafters of Rule 17.4 intended to limit such substantial discretion in the transferee judge, surely they would have so specified. Rather, we find it the evident purpose of the rule to permit the parties and new judge to write on a clean slate.

## IV. Sentencing

■ Defendant alternatively claims that Judge Portley erred in sentencing defendant without first ordering and reading the transcript of the aggravation/mitigation hearing conducted before Judge Katz. Defendant, however, consented to proceed to the second sentencing without asking Judge Portley to order or review the transcript of the prior hearing. By failing to object, defendant

waived all but fundamental error, "error of such dimensions that it cannot be said it is possible for a defendant to have had a fair trial." *See State v. Gendron,* 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991) (quoting *State v. King,* 158 Ariz. 419, 424, 763 P.2d 239, 244 (1988)). We find no such error here.

■ A trial judge must adequately investigate the facts necessary to intelligently exercise his sentencing power. *State v. Stotts,* 144 Ariz. 72, 87, 695 P.2d 1110, 1125 (1985). There is no indication that the sentencing judge failed to do so. The file available at sentencing covered much the same ground as was covered in the aggravation/mitigation hearing. The only witnesses for defendant at that hearing were his mother and his program case manager at Neurocare, where he had been treated for a head injury sustained in the accident that gave rise to the charges. The sentencing file included a letter from defendant's mother, a letter from his caregiver at Neurocare, a letter from his doctor, a lengthy case summary from Neurocare, and a lengthy presentence report. The sentencing judge gave defendant and his counsel the opportunity to speak before sentencing, and there is no indication in the record that the judge was inadequately informed.

■ Nor do we find that counsel was ineffective for failing to ask the sentencing judge to review the transcript of the prior hearing. Only where we can clearly establish from the record that a claim of ineffective assistance of counsel is meritless will we address the claim on direct appeal. *See State v. Carver,* 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989). This is such a case.

■ To support a claim of ineffectiveness, defendant must show that counsel's perfor-

2. Rule 17.4 provides in part:
e. Rejection of Plea. If an agreement or any provision thereof is rejected by the court, it shall give the defendant an opportunity to withdraw his plea, advising him that if he permits his plea to stand, the disposition of the case may be less favorable to him than that contemplated by the agreement.
* * *
g. Automatic Change of Judge. If a plea is withdrawn after submission of the pre-sen-

tence report, the judge, upon request of the defendant, shall disqualify himself, but no additional disqualification of judges under this rule shall be permitted.
Although the rule speaks of defendant's right to withdraw the plea and seek a change of judge, the rule has been interpreted to extend the same right to the State. *State v. Superior Court,* 125 Ariz. 575, 578, 611 P.2d 928, 931 (1980).

mance was deficient and that the deficient performance prejudiced the defense. *Id.* Defendant has made only conclusory statements that the sentencing judge, had he read the transcript of the prior hearing, would have imposed a lighter sentence. Defendant has not pointed to anything specific in the transcript that might have changed the judge's sentence; nor can we draw that conclusion from our own review. Because defendant has failed to show that the outcome would have been different, absent the error that he attributes to trial counsel, we find no ineffective assistance of counsel in this case.

### V. Conclusion

Pursuant to Ariz.Rev.Stat.Ann. section 13–4035 (1989), this court has reviewed the record for fundamental error and found none. The trial court's judgment and sentence are affirmed.

LANKFORD, P.J., and EHRLICH, J., concur.