903 P.2d 635

**The STATE of Arizona (Plaintiff)**

**and**

**Mark Amacker (Defendant), Petitioners,**

**v.**

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF NAVAJO, The Honorable Thomas Wing, a judge thereof, Respondent Judge.**

No. 1 CA–SA 95–0134.

Court of Appeals of Arizona,
Division 1, Department D.

July 11, 1995.

Review Denied Sept. 26, 1995.*

* Corcoran, J., of the Supreme Court, did not participate in the determination of this matter.

Melvin R. Bowers, Jr., Navajo County Atty. by David Alan Brown, Deputy County Atty., and Myrna J. Parker, Navajo County Public Defender, Holbrook, for petitioners.

## OPINION

NOYES, Presiding Judge.

■ After the trial court aborted a change of plea proceeding and rejected a plea agreement because it found the stipulated sentence unacceptable, the parties filed a Joint Petition for Special Action and requested that we direct the trial court to order and review a presentence report before deciding to reject the plea agreement. We accept jurisdiction because there is no adequate remedy by appeal and because the matter involves interpretation of *Espinoza v. Martin*, 182 Ariz. 145, 894 P.2d 688 (1995). Because we find no abuse of trial court discretion, we deny relief.

### I.

On May 9, 1995, the parties presented the trial court with an agreement in which Defendant agreed to plead guilty to two counts of sale of dangerous drugs, class 2 felonies, in violation of Ariz.Rev.Stat.Ann. section 13–3407(A)(7) (Supp.1994). The plea agreement contained this stipulated sentence: "Defendant shall be placed on probation on terms and conditions set by the court to include: Six months jail on each count to run consecutive to each other."

The trial court conducted a lengthy change-of-plea proceeding that went smoothly until the court asked to hear the factual basis for the charges. The prosecutor then described how Defendant had sold three grams of methamphetamine to a confidential informant on November 1, 1994 and fourteen grams on December 30, 1994, how the informant had been monitored by officers during the sales, that the crime lab had determined that the sales involved usable amounts of methamphetamine, and that the informant had positively identified a photograph of Defendant as the seller. This dialogue followed:

THE COURT: Counsel, I'm not going to accept this plea agreement. I have given it serious consideration and thought about it as you've—as we've gone through this proceeding. I can say in the beginning that I was concerned, but having heard the factual basis ... I cannot accept an agreement that binds the Court to probation. Ms. Parker.

MS. PARKER [Defense Counsel]: Your Honor, has the Court reviewed the most recent case of *Espinoza v. Martin*, the Arizona Supreme Court case? That specifically indicates that the Court is to utilize its discretion in accepting or rejecting the plea after the presentence report has been prepared, and then the Court is to proceed along a Rule 17.4 of the Arizona Rules of Criminal Procedure.

. . . . .

THE COURT: Okay. Show that we're back in Court on CR95000053 and 063.... Counsel, I have again reviewed *Espinoza v. Martin* ... and it's the Court's conclusion that this opinion does in fact support the Court's right to reject the plea agreement at this point because of the inappropriateness of the sentencing aspects, even without reviewing a presentence report. For that reason the Court again rejects or stays by its earlier rejection of the plea agreement. I just don't feel that the binding aspects of the plea agreement are appropriate to require probation to be imposed under the facts as stated in the factual basis given by Mr. Blaine.

. . . . .

MS. PARKER: Your Honor, in this particular case this Court has not taken any individualized consideration of this case. You have heard only bare bone facts from the prosecutor. You have not reviewed a presentence report. You have not heard the defendant's side of the case. This plea was negotiated after a considerable number of not only interviews but negotiating

sessions. The state because of problems with their case, and because of the defendant's lack of [criminal] background, and because of the facts and circumstances surrounding each individual situation here, entered into that plea agreement. We ask that this Court proceed. You do not have to accept the agreement, you can defer acceptance, but you need to proceed with a change of plea proceeding, get the probation department to do a presentence interview, and provide you with a presentence report, and after then making your individualized consideration of this particular plea agreement under these circumstances decide to accept or reject. That's what the case says, Your Honor, and that's what we're asking you to do.

THE COURT: I don't believe that's what the case says. I believe the case clearly authorizes the Court to reject the plea agreement on its terms without having either a presentence report or the full facts of the case before it by which the state or defendant at that point might then choose to exercise a [Rule 17.4(g)] disqualification of the court.

The proceedings terminated at that point, the trial setting was continued, and the parties filed this joint special action.

## II.

*Espinoza* held that a "policy of summarily rejecting plea agreements with stipulated sentences violates both rules 17.4 and 36, Arizona Rules of Criminal Procedure." *Id.* at 151, 894 P.2d at 694. *Espinoza* stated that "we interpret rule 17.4 as guaranteeing the parties the right to present their negotiated agreement to a judge, to have the judge consider the merits of that agreement in light of the circumstances of the case, and to have the judge exercise his or her discretion with regard to the agreement." *Id.* at 147, 894 P.2d at 690. *Espinoza* also disapproved *State ex rel. Bowers v. Superior Court of State of Arizona,* 173 Ariz. 34, 839 P.2d 454 (App.1992). *Id.* at 148, 894 P.2d at 691. Writing for a three-justice majority on this issue, Justice Corcoran stated: "We denied review in *Bowers,* and we now express our disapproval of that case to the extent that it

allows a trial judge to automatically reject a plea agreement without individualized consideration because it contains a stipulated sentence." *Id.*

This special action is mainly a dispute about the meaning of *Espinoza's* requirement that the trial court give "individualized consideration" before exercising its discretion to reject a plea agreement. Counsel are united in arguing that the trial court cannot give the necessary individualized consideration without reviewing a presentence report. The trial court, on the other hand, ruled that what it learned up to and including the factual basis for the plea was sufficient for it to exercise discretion and reject the plea agreement as unacceptable because of the stipulation that Defendant receive probation in this case.

The part of *Espinoza* that gives the most support to counsel's interpretation of it is this passage:

> Absent the quadrant B policy, **Judge Martin could have** weighed the merits of the plea agreement and accepted it, rejected it entirely, or **rejected the sentencing provisions as inappropriate once he had reviewed the presentence report.** This is the type of discretion contemplated by rule 17.4, and trial courts are obligated to exercise it.

182 Ariz. at 148, 894 P.2d at 691 (emphasis added).

Although the foregoing passage can be construed as counsel do, we think it should be considered in context with *Espinoza's* focus on "individualized consideration," an example of which is found in the paragraph following the above-quoted one:

> While **courts are free, pursuant to rule 17.4(d), to reject plea agreements with stipulated sentences after giving them individualized consideration,** groups of judges may not implement policies to automatically reject all such plea agreements without considering whether a stipulated sentence is appropriate in light of the circumstances of the case.

*Id.* (emphasis added).

 *Espinoza* stressed individualized consideration, not review of a presentence re-

port, and we do not think the supreme court intended to hold that individualized consideration necessarily includes review of a presentence report. Furthermore, we are extremely reluctant to validate counsel's interpretation of *Espinoza* and announce that all trial courts must now review a presentence report in every case before rejecting a plea agreement because of an unacceptable stipulated sentence. Until and unless the supreme court directs otherwise, we think that such a rule would be an unwarranted encumbrance on trial court authority and discretion, and we do not read *Espinoza* to announce such a rule.

█ The parties' insistence that the trial court review a presentence report is motivated in part by the fact that this review activates defendant's right to have the case assigned to another judge if the plea agreement is rejected. Rule 17.4(g) allows one automatic change of judge on request of defendant if, "after submission of the presentence report," defendant withdraws a guilty or no contest plea, as he is entitled to do if the trial court rejects any provision of a plea agreement. *See* Ariz.R.Crim.P. 17.4(e). In this case, however, the Rule 17.4(g) change of judge provision was never activated because the trial court rejected the plea agreement prior to submission of a presentence report. Although the trial court's refusal to disqualify itself generated this special action, the parties do not allege (nor do we find) that the trial court violated Rule 17.4(g).

█ The trial court has the responsibility of deciding whether to accept or reject a plea agreement, and the trial court's exercise of discretion in this regard will not be reversed except for clear abuse. "An abuse of discretion requires arbitrariness, capriciousness or the absence of an adequate investigation of the facts to enable the trial judge to make an intelligent decision." *State v. Baker*, 126 Ariz. 531, 533–34, 617 P.2d 39, 41–42 (App.1980). *See also State v. Patton*, 120 Ariz. 386, 388, 586 P.2d 635, 637 (1978); *State v. Douglas*, 87 Ariz. 182, 187, 349 P.2d 622, 625, *cert. denied*, 363 U.S. 815, 80 S.Ct. 1255, 4 L.Ed.2d 1157 (1960). "Intelligent decision" in this context means the same as "individualized consideration."

█ We find sufficient individualized consideration by the trial court for its decision to be regarded as an exercise of discretion and not an automatic, arbitrary or unintelligent reaction to a plea agreement with a stipulated sentence. The record does not suggest (nor do counsel argue) that the trial court had a policy of rejecting all plea agreements with stipulated sentences. The trial court did not do what the *Bowers* trial court did, automatically reject a plea agreement because it contained a stipulated sentence. *See Bowers*, 173 Ariz. at 37, 839 P.2d at 457. The trial court conducted a thorough change of plea proceeding. It considered the seriousness of the charges, considered the factual basis, announced its concerns about the stipulated sentence, listened to argument from counsel, recessed and reread *Espinoza*, returned to court and had more dialogue with counsel, and then formally rejected the plea agreement because the stipulated sentence was unacceptable.

Although many trial courts would have reviewed a presentence report before deciding whether probation (with a year in jail) was an acceptable or unacceptable sentence in this case, to note that the matter might have been handled differently is not to conclude that the trial court abused its discretion in doing what it did.

### III.

We hold that *Espinoza* does not require that the trial court review a presentence report before rejecting a plea agreement. We also hold that the Rule 17.4(g) right to an automatic change of judge is not activated when the trial court rejects a plea agreement before submission of a presentence report. *Espinoza* requires that a trial court's rejection of a plea agreement be based on an individualized consideration of the case, and we conclude that the trial court satisfied that requirement.

Jurisdiction is accepted and relief is denied.

VOSS and GRANT, JJ., concur.